# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CANDY TORRES, | No. 2:19-cv-00594-APG-EJY |
| Plaintiff, | [PROPOSED] PROTECTIVE ORDER |
| vs. | |
| ALLAN ROTHSTEIN and KYLE PUNTNEY, | |
| Defendants. | |
| Related Cross-Complaint | |

Pursuant to the stipulation of plaintiff Candy Torres and defendant Allan Rothstein, and good cause therefor, the Court enters the following protective order governing the confidentiality of information produced in discovery in this action.

**1.   PURPOSE**

The parties anticipate that discovery in this action may involve the disclosure or production of private information that may be entitled to confidentiality protection under Fed. R. Civ. P. 26(c).  To facilitate discovery in this action, the Court hereby issues the following protective order governing the confidentiality of materials obtain in discovery.

///

## 2. DESIGNATING CONFIDENTIAL INFORMATION

2.1. Under this Order, "Confidential Information" is information that qualifies for protection under Fed. R . Civ. P. 26(c).

2.2 Information that has been disclosed to the public from any source or that may be obtained from any publicly available source does not qualify as Confidential Information under this Order.

2.3 *Application and Timing.* This Order applies equally to the parties to this action as well as any non-party, such as a person producing records pursuant to a subpoena. Collectively, a party to this action or non-party is referred to as a "party" in this Order. Information must be designated as Confidential Information prior to its disclosure or production.

2.4 *How to Designate Information as Confidential.* Any party disclosing or producing information may designate that information as Confidential Information. To designate information as Confidential Information, the designating party must affix to each page or otherwise label an item that contains the Confidential Information with the following legend, file name, or stamp: "**Confidential, Subject to Protective Order**." No legend, watermark, or stamp shall be affixed to a document in a way that obscures the information contained in the document or defeats the ability of a party to search the document if produced or converted into an electronic format.

2.5 *Designation of Specific Information.* If specific information appears in a document, item or file that qualifies as Confidential Information, *see e.g.*, Fed. R. Civ. P. 5.2(a), then only that portion of the document, item or file shall be designed as Confidential Information. To designate specific information as Confidential Information, the designating party shall affix to each document page or label each item or file containing the specific Confidential Information the following legend, file name, or stamp: "**Confidential, Portions Subject to Protective Order**." In the disclosure or discovery response that accompanies the

information so labeled, the designating party shall identify by document number or file name the specific portions of that document or electronic file that are subject to this Order.

2.6 *Depositions.* To designate deposition testimony as Confidential Information, the party seeking the designation must indicate on the record before the deposition adjourns those portions of the transcript that contain Confidential Information. The portions of a transcript reflecting testimony that have been designated as Confidential Information shall be separately bound.

2.7 *Over-Designation Prohibited.* Designation under this Order is allowed if and only if the designating party determines in good faith: [a] that the material contains Confidential Information that warrants protection under Fed. R. Civ. P. 26(c) and the terms of this Order and [b] that disclosure of the information to persons other than those identified in Paragraph 3 would cause a specific, demonstrable harm.

2.8 *Continuing duty.* Each party has a continuing duty to assess whether information previously designated as Confidential Information is properly designated. If a designating party determines that information was improperly designated or no longer qualifies as Confidential Information, then the party shall promptly re-produce that information omitting the confidentiality legend, file name or stamp required under Paragraphs 2.4 or 2.5.

**3. DISCLOSURE OF CONFIDENTIAL INFORMATION**

3.1 Unless otherwise ordered by the Court or permitted in writing by the designating party, Confidential Information may be disclosed to the following persons only:

(a) The Court and its personnel;

(b) Counsel for the parties to this action, their legal assistants and other staff members and employees, all of whom are bound by this Order;

(c) The parties and their officers, directors and employees, all of whom are bound by this Order;

(d) Experts or consultants retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action, and who have signed the Agreement attached as Exhibit A;

(e) Court reporters, videographers, jury or trial consultants, mediators, and professional vendors to whom disclosure is reasonably necessary;

(f) Any deponent who may be shown Confidential Information during the course of a deposition but who shall not be provided with a copy that Confidential Information unless the deponent signs the Agreement attached as Exhibit A;

(g) Any witness who may be called to testify in deposition or at trial but only to the extent necessary to prepare that witness to testify and only after the witness has signed the Agreement attached as Exhibit A; and,

(h) Any third-parties who in the ordinary course of her work or activities generated, received or maintained the same information that has been designated as Confidential Information.

**4. FILING OR USING CONFIDENTIAL INFORMATION IN COURT**

4.1 *Redaction preferred.* To the extent feasible, any party filing any document that contains Confidential Information shall redact only those portions of the document that contain Confidential Information and file the redacted document.

4.2 *Filing under Seal.* If the filing party believes that Confidential Information is necessary to adjudicate the matter or that redacting the Confidential Information is otherwise not feasible, the filing party may file the document under

seal, but only if the party complies with the Court's procedures pursuant to Local Civil Rule IA 1-5.

    4.3    *Waiver.*  Where a party files without redaction or fails to file under seal a document or material that the party had previously designated as Confidential Information, then the information in that document or material is no longer subject to this Order.

    4.4    *Advance notice.*  If a party anticipates that matters involving Confidential Information may be raised in a hearing or at trial, then the party must advise the deputy clerk before the hearing or trial.

**5.    Party Seeking Greater Protection Must Obtain Further Order.**

No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

**6.    Challenging Designation of Confidential Information.**

    6.1    *Timing.*  A designation of Confidential Information may be challenged at any time by any party before the action is concluded.

    6.2    *Procedure.*  If a party seeks to challenge the designation of all or part of a document or material designated as Confidential Information, then the party shall confer in good faith with the designating party in an attempt to resolve the dispute.  If the parties are unable to resolve their dispute, then the party challenging the designation shall serve a *Notice of Compliance with Duty to Confer pursuant to Protective Order, ¶ 6.*  Within 21 days of service of that notice, the party seeking to maintain the Confidential Information designation must file a motion with the Court adjudicating the validity of the designation.  Any information designated as Confidential Information remains subject to this Order during the pendency of a motion under this Paragraph.

    6.3    *Waiver.*  If the designating party fails or refuses to file a timely

motion in accordance with Paragraph 6.2, then its Confidential Information designations is waived and the information is no longer subject to this Order.

  6.4 *Burden of Proof.* At all times, the burden of proof to establish the validity of any designation of information as Confidential Information is assigned to the party making that designation.

**7. Modification of this Order.**

  Any party may move to modify this Order at any time.

**8. Admissibility.**

  Nothing in this Order shall affect the admissibility of any information designated as Confidential Information in this action.

**9. Return and Retention of Confidential Material at Conclusion of Litigation.**

  All material designated as Confidential Information that was not received in evidence shall be returned to the producing party within 60 days of the conclusion of the Action, with one exception: Lead counsel for each party may retain one copy of all records produced as part of their permanent records, which shall

///

///

///

remain subject to the terms of this Order.  If agreed in writing, the Confidential Information may be destroyed by the receiving parties in lieu of return to the producing party.

IT IS SO ORDERED.

Dated:	December 12, 2019.

_____
U.S. MAGISTRATE JUDGE

# EXHIBIT A

## *ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND*

I, _____ *[print or type full name]*, of _____ [*print or type full address*], certify that I have received and read the Protective Order entered in this Action, *Torres v. Rothstein*, Case 2:19-cv-00594-APG-EJY

    1.    I agree to comply with and to be bound by the terms of this Protective Order and I acknowledge that failure to so comply could expose me to sanctions. I promise that I will not disclose any information or item that is subject to this Protective Order except as permitted under the terms of this Order.

    2.    I understand that I am to retain all copies of any Confidential Information in a secure manner and in my personal custody until this Action is concluded, whereupon any Confidential Information in my possession shall returned to counsel who provided me with such material.

    3.    I further agree to submit to the jurisdiction of the United States District Court for District of Nevada for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this Action.

Date: _____        Printed name: _____

Signature: _____

***Instructions:***  Please complete this form and return a copy to the attorney who intends to provide you with access to material labeled Confidential Information pursuant to this Order.  Please retain a copy for your records.