UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CANDY TORRES,<br><br>    Plaintiff,<br><br>v.<br><br>ALLAN ROTHSTEIN and KYLE PUNTNEY,<br><br>    Defendants. | Case No. 2:19-CV-00594-APG-EJY<br><br>**ORDER** |

Before the Court is the Motion to Withdraw as Counsel of Record (ECF No. 62) filed by The Barnabi Law Firm, PLLC. The Motion is accompanied by a Second Amended Stipulated Discovery Plan and Scheduling Order (ECF No. 61) seeking to extend the dispositive motion and pretrial order deadline stating the reason for the extension is the current COVID-19 pandemic that is adversely impacting this matter. ECF No. 61 at 1. The Second Amended Stipulated Discovery Plan and Scheduling Order references other pending motions including Defendant's [sic] Motions to Dismiss, to Strike, and to Amend Answer. In addition to these motions, the Court notes that a Motion for Protective Order is also currently pending.

The Second Amended Stipulated Discovery Plan is silent with respect to defense counsel's simultaneously filed Motion to Withdraw. While the Motion to Withdraw states that counsel has informed Defendants of his intent to seek permission to withdraw, and that defense counsel has requested the deadline to file motions be extended, the Motion to Withdraw says nothing about the reasons for withdrawal except "[t]hat there exists circumstances which counsel can no longer continue to represent these parties and their interests . . ." ECF No. 62 at 2.

United States District Court for the District of Nevada Local Rule 11-6(e) allows for withdrawal of counsel if there is an absence of delay of discovery, trial or any hearing in the case. If withdrawal will cause delay, good cause must be shown. *Id*. Nevada Rule of Professional Responsibility 1.16(b) states in pertinent part that "a lawyer may withdraw from representing a client if: (1) Withdrawal can be accomplished without material adverse effect on the interests of the client;

1

(2) The client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent; (3) The client has used the lawyer's services to perpetrate a crime or fraud; (4) A client insists upon taking action that the lawyer considers repugnant or with which the lawyer has fundamental disagreement; (5) The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (6) The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (7) Other good cause for withdrawal exists."

Here, defense counsel has provided the Court with no reason for withdrawal other than stating there are "circumstances" leading to his request. This is insufficient under the Local Rules as well as the Nevada Professional Rules of Conduct to permit withdrawal given that the dispositive motion deadline in this matter is four days away. Moreover, a substitution of counsel, at this juncture, will most assuredly delay the proceedings in this matter. Given the totality of the information before the Court, the Court cannot grant the Motion to Withdraw as Counsel of Record.

Accordingly, for the reasons stated above,

IT IS HEREBY ORDERED that the Motion to Withdraw as Counsel of Record (ECF No. 62) is DENIED without prejudice.

IT IS FURTHER ORDERED that the Second Amended Stipulated Discovery Plan and Scheduling Order (ECF No. 61) is DENIED without prejudice.

IT IS FURTHER ORDERED that if counsel for Defendants wishes to renew his Motion to Withdraw, he must provide more information regarding the reason for his request and such information must demonstrate good cause for his withdrawal.

DATED: March 24, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE