**EXHIBIT 5**

Rothstein's RFA Responses

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THE BARNABI LAW FIRM, PLLC**
CHARLES ("CJ") E. BARNABI JR., ESQ.
Nevada Bar No. 14477
375 East Warm Springs Road, Ste. 104
Las Vegas, Nevada 89119
Email: cj@barnabilaw.com
Telephone:    (702) 475-8903
Facsimile:    (702) 966-3718
*Attorneys for Defendant, Allan Rothstein*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CANDY TORRES, | Case No.:  2:19-cv-00594-APG-GWF |
| Plaintiff, | |
| v. | |
| ALLAN ROTHSTEIN and KYLE PUNTNEY, | |
| Defendants. | |

**DEFENDANT ALLAN ROTHSTEIN'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT ALLAN ROTHSTEIN (Nos. 1-38)**

Defendant Allan Rothstein, by and through its counsel of record, Charles ("CJ") E. Barnabi Jr., Esq. of The Barnabi Law Firm, PLLC, pursuant to Rule 36 of the Federal Rules of Civil Procedure, hereby responds and objects to Plaintiff, Candy Torres' First Request for Admissions to Defendant Allan Rothstein as follows:

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

These answers are made solely for the purpose of this action.  Each answer is subject to all appropriate objections (including, but not limited to, objections considering relevancy, materiality, propriety and admissibility), which would require the exclusion of any statement contained therein.  All objections and grounds for objections are preserved and may be interposed at the time of Trial.  Defendant has not yet completed the investigation of the facts relating to this action, has not completed discovery in this action, and has not completed preparation for Trial. Consequently, the following responses are given without prejudice to Defendant's right to

**THE BARNABI LAW FIRM, PLLC**
375 E. Warm Springs Road, Ste. 104
Las Vegas, Nevada 89119
(702) 475-8903 FAX: (702) 966-3718

1    supplement these responses.

2            Defendant objects to Plaintiff's Requests on the basis that the definitions, explanatory

3    notes and instructions are so numerous and burdensome that they create an unreasonable and

4    undue burden.  In addition, the Requests reach an objectionable breadth, ambiguity, complexity

5    and vagueness, and call for information and/or documents which are irrelevant, not calculated to

6    lead to the discovery of admissible evidence, protected by the attorney-client privilege or attorney

7    work-product doctrine, and are beyond the permissible scope of discovery.

8            Defendant further objects to any Request which seeks any information protected by the

9    attorney-client privilege or the attorney work-product doctrine.

10           No response, nor subsequent response, constitutes a waiver of any other objection

11   pursuant to these Requests, or to other similar Requests or requests that may be propounded at a

12   later time.

13           Nothing contained herein is intended to be nor should be considered as a waiver of the

14   attorney-client privilege or attorney work-product privilege or any other applicable privilege or

15   doctrine.

16           Subject to the general objections made above, Defendant responds to each Request as

17   follows:

18   **REQUEST FOR ADMISSION NO. 1:**

19           The Wedgebrook House – the dwelling located at 11893 Wedgebrook Street, Las Vegas

20   (Wedgebrook House) – is a "dwelling" within the meaning of the Fair Housing Act, 42 U.S.C. §

21   3602(b).

22   **RESPONSE TO REQUEST NO. 1:**

23           Admit.

24   **REQUEST FOR ADMISSION NO. 2:**

25           Plaintiff Candy Torres is an "aggrieved person" within the meaning of the Fair Housing

26   Act, 42 U.S.C. § 3602(i).

27

28

THE BARNABI LAW FIRM, PLLC
375 E. Warm Springs Road, Ste. 104
Las Vegas, Nevada 89119
(702) 475-8903 FAX: (702) 966-3718

THE BARNABI LAW FIRM, PLLC
375 E. Warm Springs Road, Ste. 104
Las Vegas, Nevada 89119
(702) 475-8903 FAX: (702) 966-3718

1  **RESPONSE TO REQUEST NO. 2:**

2      Admit to the extent that Plaintiff claims she has been damaged, and denies the remainder.

3  **REQUEST FOR ADMISSION NO. 3**

4      Allan Rothstein managed the Wedgebrook House on behalf of Kyle Puntney at least

5  between January 1, 2013 and November 15, 2019.

6  **RESPONSE TO REQUEST NO. 3:**

7      Admit.

8  **REQUEST FOR ADMISSION NO. 4:**

9      Allan Rothstein managed the Wedgebrook House on behalf of Kyle Puntney during the

10  period Candy Torres rented the Wedgebrook House.

11  **RESPONSE TO REQUEST NO. 4:**

12      Admit.

13  **NRS 180**

14  **REQUEST FOR ADMISSION NO. 5:**

15      The Wedgebrook House is a "dwelling" within the meaning of NRS § 180.060.

16  **RESPONSE TO REQUEST NO. 5:**

17      Deny, "dwelling" is not defined in the statute.

18  **REQUEST FOR ADMISSION NO. 6:**

19      Plaintiff Candy Torres is an "aggrieved person" within the meaning of NRS § 118.110.

20  **RESPONSE TO REQUEST NO. 6:**

21      Deny, "aggrieved person" is not defined in the statute nor had Plaintiff filed a "complaint

22  with the Commission."

23  **NRS 180A.**

24  **REQUEST FOR ADMISSION NO. 7:**

25      The Wedgebrook House is a "dwelling" within the meaning of NRS § 180A.080.

26  **RESPONSE TO REQUEST NO. 7:**

27      Deny.

28

THE BARNABI LAW FIRM, PLLC
375 E. Warm Springs Road, Ste. 104
Las Vegas, Nevada 89119
(702) 475-8903 FAX: (702) 966-3718

**REQUEST FOR ADMISSION NO. 8:**

Allan Rothstein was a "landlord" within the meaning of NRS § 180A.100

**RESPONSE TO REQUEST NO. 8:**

Deny.

**REQUEST FOR ADMISSION NO. 9:**

Kyle Puntney was a "landlord" within the meaning of NRS § 180A.100 in connection with Candy Torres's rental of the Wedgebrook House.

**RESPONSE TO REQUEST NO. 9:**

Deny.

**REQUEST FOR ADMISSION NO. 10:**

Kyle Puntney was an "owner" within the meaning of NRS § 180A.120 in connection with Candy Torres's rental of the Wedgebrook House.

**RESPONSE TO REQUEST NO. 10:**

Deny.

**REQUEST FOR ADMISSION NO. 11:**

The Wedgebrook House is a "premises" within the meaning of NRS § 180A.140.

**RESPONSE TO REQUEST NO. 11:**

Deny.

**REQUEST FOR ADMISSION NO. 12:**

Candy Torres was a "tenant" within the meaning of NRS § 180A.170 during her rental of the Wedgebrook House.

**RESPONSE TO REQUEST NO. 12:**

Deny.

**REQUEST FOR ADMISSION NO. 13:**

The Residential Lease Agreement, identified as Exhibit 33, is a "rental agreement" within the meaning of NRS § 180A.200.

**RESPONSE TO REQUEST NO. 13:**

Page 4 of 11

THE BARNABI LAW FIRM, PLLC
375 E. Warm Springs Road, Ste. 104
Las Vegas, Nevada 89119
(702) 475-8903 FAX: (702) 966-3718

1   Deny.

2   **REQUEST FOR ADMISSION NO. 14:**

3   The Residential Lease Agreement, identified as Exhibit 34, is a "rental agreement" within

4   the meaning of NRS § 180A.200.

5   **RESPONSE TO REQUEST NO. 14:**

6   Deny.

7   **REQUEST FOR ADMISSION NO. 15:**

8   The Residential Lease Agreement, identified as Exhibit 35, is a "rental agreement" within

9   the meaning of NRS § 180A.200.

10   **RESPONSE TO REQUEST NO. 15:**

11   Deny.

12   **REQUEST FOR ADMISSION NO. 16:**

13   Charges or fees for last payment of rent assessed by Allan Rothstein against Candy Torres

14   were subject to provisions of NRS § 180A.210(4).

15   **RESPONSE TO REQUEST NO. 16:**

16   Deny.

17   **REQUEST FOR ADMISSION NO. 17:**

18   The Residential Lease Agreement, identified as Exhibit 33, is a "rental agreement" within

19   the meaning of NRS § 180A.220.

20   **RESPONSE TO REQUEST NO. 17:**

21   Deny.

22   **REQUEST FOR ADMISSION NO. 18:**

23   The Residential Lease Agreement, identified as Exhibit 34, is a "rental agreement" within

24   the meaning of NRS § 180A.220.

25   **RESPONSE TO REQUEST NO. 18:**

26   Deny.

27   **REQUEST FOR ADMISSION NO. 19:**

28

THE BARNABI LAW FIRM, PLLC
375 E. Warm Springs Road, Ste. 104
Las Vegas, Nevada 89119
(702) 475-8903 FAX: (702) 966-3718

The Residential Lease Agreement, identified as Exhibit 35, is a "rental agreement" within the meaning of NRS § 180A.220.

**RESPONSE TO REQUEST NO. 19:**

Deny.

**REQUEST FOR ADMISSION NO. 20:**

Candy Torres paid "security" within the meaning of NRS § 180A.242 in connection with her rental of the Wedgebrook House.

**RESPONSE TO REQUEST NO. 20:**

Deny.

**REQUEST FOR ADMISSION NO. 21:**

Any payment of rent, fees or charges by Candy Torres to Allan Rothstein in connection with the rental of the Wedgebrook House was subject to the provisions of NRS § 180A.250.

**RESPONSE TO REQUEST NO. 21:**

Deny.

**REQUEST FOR ADMISSION NO. 22:**

The Wedgebrook House is a "property" within the meaning of NRS § 180A.275.

**RESPONSE TO REQUEST NO. 22:**

Deny.

**REQUEST FOR ADMISSION NO. 23:**

Since January 1, 2018, the Wedgebrook House has been subject to "foreclosure proceedings" within the meaning of NRS § 118A.275.

**RESPONSE TO REQUEST NO. 23:**

Defendant is without sufficient knowledge to admit or deny the request for admission. Insomuch as a response is required, Defendant denies the request for admission.

**REQUEST FOR ADMISSION NO. 24:**

Between September 29, 2018, and December 31, 2018 the Wedgebrook House was subject to "foreclosure proceedings" within the meaning of NRS § 118A.275.

THE BARNABI LAW FIRM, PLLC
375 E. Warm Springs Road, Ste. 104
Las Vegas, Nevada 89119
(702) 475-8903 FAX: (702) 966-3718

**RESPONSE TO REQUEST NO. 24:**

See prior response, which is incorporated herein.

**REQUEST FOR ADMISSION NO. 25:**

Between January 1, 2019 and November 15, 2019, the Wedgebrook House was subject to "foreclosure proceedings" within the meaning of NRS § 118A.275.

**RESPONSE TO REQUEST NO. 25:**

Deny.

**REQUEST FOR ADMISSION NO. 26:**

Allan Rothstein was a "landlord" within the meaning of NRS § 118A.290 during the period that Candy Torres was a tenant at the Wedgebrook House.

**RESPONSE TO REQUEST NO. 26:**

Deny.

**REQUEST FOR ADMISSION NO. 27:**

Kyle Puntney was a "landlord" within the meaning of NRS § 118A.290 during the period that Candy Torres was a tenant at the Wedgebrook House.

**RESPONSE TO REQUEST NO. 27:**

Deny.

*NRS 41*

**REQUEST FOR ADMISSION NO. 28:**

Candy Torres is a "claimant" within the meaning of NRS § 41.600(3).

**RESPONSE TO REQUEST NO. 28:**

Defendant admits that Plaintiff has made a claim and denies any further inference.

*NRS 598*

**REQUEST FOR ADMISSION NO. 29:**

The Wedgebrook House is "property" within the meaning of NRS § 598.0937.

**RESPONSE TO REQUEST NO. 29:**

Admit.

THE BARNABI LAW FIRM, PLLC
375 E. Warm Springs Road, Ste. 104
Las Vegas, Nevada 89119
(702) 475-8903 FAX: (702) 966-3718

1    *NRS 645*

2    **REQUEST FOR ADMISSION NO. 29:**      **(Please note that Plaintiff's Request has two**

3    **request no. 29 with different questions)**

4         Allan Rothstein and Kyle Puntney had an "agency" relationship within the meaning of

5    NRS § 645.0045 at least between January 1, 2018 and November 1, 2019, in connection with the

6    rental of the Wedgebrook House.

7    **RESPONSE TO REQUEST NO. 29:**

8         Admit.

9    **REQUEST FOR ADMISSION NO. 30:**

10        Allan Rothstein and Kyle Puntney had an "agency" relationship within the meaning of

11   NRS § 645.0045 during the tenancy of Candy Torres at the Wedgebrook House.

12   **RESPONSE TO REQUEST NO. 30:**

13        Admit.

14   **REQUEST FOR ADMISSION NO. 31:**

15        Allan Rothstein acted as the agent of Kyle Puntney in the rental of the Wedgebrook House

16   to Candy Torres.

17   **RESPONSE TO REQUEST NO. 31:**

18        Admit.

19   **REQUEST FOR ADMISSION NO. 32:**

20        Kyle Puntney was the "client" of Allan Rothstein within the meaning of NRS § 645.009

21   during the tenancy of Candy Torres at the Wedgebrook House.

22   **RESPONSE TO REQUEST NO. 32:**

23        Admit.

24   **REQUEST FOR ADMISSION NO. 33:**

25        Allan Rothstein was engaged in the "property management" – as defined under NRS §

26   645.019 – of the Wedgebrook House on behalf of Kyle Puntney at least between January 1, 2013

27   and November 1, 2019.

28

THE BARNABI LAW FIRM, PLLC
375 E. Warm Springs Road, Ste. 104
Las Vegas, Nevada 89119
(702) 475-8903 FAX: (702) 966-3718

**RESPONSE TO REQUEST NO. 33:**

Admit.

**REQUEST FOR ADMISSION NO. 34:**

Allan Rothstein and Kyle Puntney executed a "property management agreement" within the meaning of NRS § 645.0192 in connection with the rental of the Wedgebrook House.

**RESPONSE TO REQUEST NO. 34:**

Admit.

**REQUEST FOR ADMISSION NO. 35:**

The Wedgebrook House is "real estate" within the meaning of NRS § 645.020.

**RESPONSE TO REQUEST NO. 35:**

Admit.

**REQUEST FOR ADMISSION NO. 36:**

Since at least January 1, 2015, Allan Rothstein has been a "real estate broker" within the meaning of NRS § 645.030.

**RESPONSE TO REQUEST NO. 36:**

Admit.

**REQUEST FOR ADMISSION NO. 37:**

Since at least January 1, 2015, Allan Rothstein has been a "real estate broker-salesperson" within the meaning of NRS § 645.035.

**RESPONSE TO REQUEST NO. 37:**

Admit.

**REQUEST FOR ADMISSION NO. 38:**

At the time Allan Rothstein and Kyle Puntney executed a residential property management agreement, marked as Exhibit 5, Allan Rothstein was a "real estate salesperson" within the meaning of NRS § 645.040.

**RESPONSE TO REQUEST NO. 38:**

1    Admit, with the presumption that "Exhibit 5" refers to the ongoing exhibits in the

2    depositions taken in this matter.

3        Dated this 21st day of February 2020.

4                                    THE BARNABI LAW FIRM, PLLC

5

6                          By:      _/s/ CJ Barnabi_____
                                    CHARLES ("CJ") E. BARNABI JR., ESQ.
7                                    Nevada Bar No. 14477
                                    375 E. Warm Springs Road, Ste. 104
8                                    Las Vegas, NV 89119
                                    *Attorneys for Defendant, Allan Rothstein*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    Page 10 of 11

THE BARNABI LAW FIRM, PLLC
375 E. Warm Springs Road, Ste. 104
Las Vegas, Nevada 89119
(702) 475-8903 FAX: (702) 966-3718

THE BARNABI LAW FIRM, PLLC
375 E. Warm Springs Road, Ste. 104
Las Vegas, Nevada 89119
(702) 475-8903 FAX: (702) 966-3718

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of The Barnabi Law Firm, PLLC, and that on the 21st day of February 2020, I caused to be served a true and correct copy of foregoing to be served in the following manner:

___X___ (ELECTRONIC SERVICE) Pursuant to Rule 5-4 of the Local Rules of Civil Practice of the United States District Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electric Filing automatically generated by that Court's facilities, or via email to the following parties:

**Christopher Brancart**        cbrancart@brancart.com, scampbell@brancart.com

**Daniel T. Foley**        dan@foleyoakes.com, liz@foleyoakes.com

**Gregory Paul**        gpaul@nlslaw.net

_____ (UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, to the parties listed below at their last-known mailing addresses, on the date above written:

Dated this 21st day of February 2020.

/s/ CJ Barnabi
An employee of The Barnabi Law Firm, PLLC

# EXHIBIT 6

Puntney's RFA Responses

DANIEL T. FOLEY, ESQ.
Nevada Bar No. 1078
FOLEY & OAKES, PC
1210 S. Valley View Blvd., Ste. 208
Las Vegas, Nevada 89102
Tel.: (702) 384-2070
Fax: (702) 384-2128
Email: dan@foleyoakes.com
*Attorneys for Kyle Puntney*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| **CANDY TORRES**, an individual, | 2:19-cv-00594 APG-EJY |
| *Plaintiff,* | |
| v. | |
| **ALLAN ROTHSTEIN and KYLE, PUNTNEY,** DOES I through X, individuals, and ROES XI through XX Corporations and Partnerships, | **DEFENDANT KYLE PUNTNEY'S ANSWERS TO FIRST REQUEST FOR ADMISSIONS** |
| *Defendants.* | |
| **KYLE PUNTNEY,** an individual, | |
| Cross-Complainant, | |
| v. | |
| ALLAN ROTHSTEIN, an individual; DOES I through X, individuals, and ROES XI through XX Corporations and Partnerships. | |
| Cross-Defendants. | |

    Defendants KYLE PUNTNEY in response to Requests for Admissions propounded by Plaintiff CANDY TORRES hereby, state as follows:

**FOLEY & OAKES**

Page 1 of 12

It should be noted that this responding party has not fully completed its investigation of the facts relating to this case, has not fully completed its discovery in this action and has not completed its preparation for the trial.  All of the responses contained herein are based only upon such information and documents which are presently available to and specifically known to this responding party and disclose only those contentions which presently occur to such responding party.  It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the contentions herein set forth.  The following Admission responses are given without prejudice to responding party's right to produce evidence of any subsequently discovered fact or facts which this responding party may later recall.  Responding party accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analysis are made, legal research is completed and contentions are made.  The responses contained herein are made in good faith effort to supply as much factual information and as much specification of legal contentions as is presently known but should in no way be to the prejudice to Defendants relation to further discovery, research or analysis.

**REQUEST NO.  1:**

The Wedgebrook House – the dwelling located at 11893 Wedgebrook Street, Las Vegas (Wedgebrook House) – is a "dwelling" within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b).

**RESPONSE TO REQUEST NO. 1:**

Defendant Kyle Puntney Admits Request No. 1.

FOLEY
&
OAKES

**REQUEST NO.  2:**

Plaintiff Candy Torres is an "aggrieved person" within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(i).

**RESPONSE TO REQUEST NO. 2:**

Defendant Kyle Puntney Admits Request No. 2 to the extent that Candy Torres has made a claim; otherwise, Defendant Kyle Puntney denies that Candy Torres has been aggrieved in any manner.

**REQUEST NO.  3:**

Allan Rothstein managed the Wedgebrook House on behalf of Kyle Puntney at least between January 1, 2013 and November 15, 2019.

**RESPONSE TO REQUEST NO. 3:**

Defendant Kyle Puntney Admits Request No. 3.

**REQUEST NO.  4:**

Allan Rothstein managed the Wedgebrook House on behalf of Kyle Puntney during the period Candy Torres rented the Wedgebrook House.

**RESPONSE TO REQUEST NO. 4:**

Defendant Kyle Puntney Admits Request No. 4.

***NRS 180***

**REQUEST NO.  5:**

The Wedgebrook House is a "dwelling" within the meaning of NRS § 180.060.

**RESPONSE TO REQUEST NO. 5:**

Defendant Kyle Puntney Denies Request No. 5.

**REQUEST NO.  6:**

Plaintiff Candy Torres is an "aggrieved person" within the meaning of NRS § 118.110.

FOLEY
&
OAKES

**RESPONSE TO REQUEST NO. 6:**

Defendant Kyle Puntney Denies Request No. 6.   Aggrieved Person is not defined in NRS118 or NRS118.110.

***NRS 180A***

**REQUEST NO. 7:**

The Wedgebrook House is a "dwelling" within the meaning of NRS § 180A.080.

**RESPONSE TO REQUEST NO. 7:**

Defendant Kyle Puntney Denies Request No. 7.

**REQUEST NO. 8:**

Allan Rothstein was a "landlord" within the meaning of NRS § 180A.100 in connection with Candy Torres's rental of the Wedgebrook House.

**RESPONSE TO REQUEST NO. 8:**

Defendant Kyle Puntney Denies Request No. 8.

**REQUEST NO. 9:**

Kyle Puntney was a "landlord" within the meaning of NRS § 180A.100 in connection with Candy Torres's rental of the Wedgebrook House.

**RESPONSE TO REQUEST NO. 9:**

Defendant Kyle Puntney Denies Request No. 9.

**REQUEST NO. 10:**

Kyle Puntney was a "owner" within the meaning of NRS § 180A.120 in connection with Candy Torres's rental of the Wedgebrook House.

**RESPONSE TO REQUEST NO. 10:**

**FOLEY**
**&**
**OAKES**

Defendant Kyle Puntney Denies Request No. 10.

**REQUEST NO. 11:**

The Wedgebrook House is a "premises" within the meaning of NRS § 180A.140.

**RESPONSE TO REQUEST NO. 11:**

Defendant Kyle Puntney Denies Request No. 11.

**REQUEST NO. 12:**

Candy Torres was a "tenant" within the meaning of NRS § 180A.170 during her rental of the Wedgebrook House.

**RESPONSE TO REQUEST NO. 12:**

Defendant Kyle Puntney Denies Request No. 12.

**REQUEST NO. 13:**

The Residential Lease Agreement, identified as Exhibit 33, is a "rental agreement" within the meaning of NRS § 180A.200.

**RESPONSE TO REQUEST NO. 13:**

Defendant Kyle Puntney Denies Request No. 13.

**REQUEST NO. 14:**

The Residential Lease Agreement, identified as Exhibit 34, is a "rental agreement" within the meaning of NRS § 180A.200.

**RESPONSE TO REQUEST NO. 14:**

Defendant Kyle Puntney Denies Request No. 14.

**REQUEST NO. 15:**

The Residential Lease Agreement, identified as Exhibit 35, is a "rental agreement" within the meaning of NRS § 180A.200.

**FOLEY & OAKES**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RESPONSE TO REQUEST NO. 15:**

Defendant Kyle Puntney Denies Request No. 15.

**REQUEST NO.  16:**

Charges or fees for last payment of rent assessed by Allan Rothstein against Candy Torres were subject to the provisions of  NRS § 180A.210(4).

**RESPONSE TO REQUEST NO. 16:**

Defendant Kyle Puntney Denies Request No. 16.

**REQUEST NO.  17:**

The Residential Lease Agreement, identified as Exhibit 33, is a "rental agreement" within the meaning of NRS § 180A.220.

**RESPONSE TO REQUEST NO. 17:**

Defendant Kyle Puntney Denies Request No. 17.

**REQUEST NO.  18:**

The Residential Lease Agreement, identified as Exhibit 34, is a "rental agreement" within the meaning of NRS § 180A.220.

**RESPONSE TO REQUEST NO. 18:**

Defendant Kyle Puntney Denies Request No. 18.

**REQUEST NO.  19:**

The Residential Lease Agreement, identified as Exhibit 35, is a "rental agreement" within the meaning of NRS § 180A.220.

**RESPONSE TO REQUEST NO. 19:**

Defendant Kyle Puntney Denies Request No. 19.

**REQUEST NO.  20:**

**FOLEY & OAKES**

Candy Torres paid "security" within the meaning of NRS § 180A.242 in connection with her rental of the Wedgebrook House.

**RESPONSE TO REQUEST NO. 20:**

Defendant Kyle Puntney Denies Request No. 20.

**REQUEST NO.  21:**

Any payment of rent, fees or charges by Candy Torres to Allan Rothstein in connection with the rental of the Wedgebrook House was subject to the provisions of NRS § 180A.250.

**RESPONSE TO REQUEST NO. 21:**

Defendant Kyle Puntney Denies Request No. 21.

**REQUEST NO.  22:**

The Wedgebrook House is a "property" within the meaning of NRS § 180A.275.

**RESPONSE TO REQUEST NO. 22:**

Defendant Kyle Puntney Denies Request No. 22.

**REQUEST NO.  23:**

Since January 1, 2018, the Wedgebrook House has been subject to "foreclosure proceedings" within the meaning of NRS § 118A.275.

**RESPONSE TO REQUEST NO. 23:**

Defendant Kyle Puntney Denies Request No. 23.

**REQUEST NO.  24:**

Between September 29, 2018 and December 31, 2018, the Wedgebrook House was subject to "foreclosure proceedings" within the meaning of NRS § 118A.275.

**RESPONSE TO REQUEST NO. 24:**

Defendant Kyle Puntney Denies Request No. 24.

**FOLEY & OAKES**

**REQUEST NO. 25:**

Between January 1, 2019 and November 15, 2019, the Wedgebrook House was subject to "foreclosure proceedings" within the meaning of NRS § 118A.275.

**RESPONSE TO REQUEST NO. 25:**

Defendant Kyle Puntney Admits that at certain times between January 1, 2019 and November 15, 2019 the Wedgebrook House was subject to "foreclosure proceedings" within the meaning of NRS § 118A.275

**REQUEST NO. 26:**

Allan Rothstein was a "landlord" within the meaning of NRS § 118A.290 during the period that Candy Torres was a tenant at the Wedgebrook House.

**RESPONSE TO REQUEST NO. 26:**

Defendant Kyle Puntney Admits Request No. 26.

**REQUEST NO. 27:**

Kyle Puntney was a "landlord" within the meaning of NRS § 118A.290 during the period that Candy Torres was a tenant at the Wedgebrook House.  NRS41.

**RESPONSE TO REQUEST NO. 27:**

Defendant Kyle Puntney Admits Request No. 27.

*NRS 41*

**REQUEST NO. 28:**

Candy Torres is a "claimant" within the meaning of NRS § 41.600(3).

**RESPONSE TO REQUEST NO. 28:**

Defendant Kyle Puntney Admits that Candy Torres is making claims, but denies that she has in anyway been defrauded.

*NRS 598*

FOLEY
&
OAKES

**REQUEST NO. 29:**

The Wedgebrook House is "property" within the meaning of NRS § 598.0937.

**RESPONSE TO REQUEST NO. 29:**

Defendant Kyle Puntney Admits Request No. 29.

*NRS 645*

**REQUEST NO. 29:**

Allan Rothstein and Kyle Puntney had an "agency" relationship within the meaning of NRS § 645.0045 at least between January 1, 2018 and November 1, 2019, in connection with the rental of the Wedgebrook House.

**RESPONSE TO REQUEST NO. 29:**

Defendant Kyle Puntney Admits this second Request No. 29.

**REQUEST NO. 30:**

Allan Rothstein and Kyle Puntney had an "agency" relationship within the meaning of NRS § 645.0045 during the tenancy of Candy Torres at the Wedgebrook House.

**RESPONSE TO REQUEST NO. 30:**

Defendant Kyle Puntney Admits Request No. 30.

**REQUEST NO. 31:**

Allan Rothstein acted as the agent of Kyle Puntney in the rental of the Wedgebrook House to Candy Torres.

**RESPONSE TO REQUEST NO. 31:**

Defendant Kyle Puntney Admits Request No. 31.

**REQUEST NO. 32:**

**FOLEY**
**&**
**OAKES**

Kyle Puntney was the "client" of Allan Rothstein withing the meaning of NRS § 645.009 during the tenancy of Candy Torres at the Wedgebrook House.

**RESPONSE TO REQUEST NO. 32:**

Defendant Kyle Puntney Admits Request No. 32.

**REQUEST NO.  33:**

Allan Rothstein was engaged in the "property management" – as defined under NRS § 645.019 – of the Wedgebrook House on behalf of Kyle Puntney at least between January 1, 2013 and November 1, 2019.

**RESPONSE TO REQUEST NO. 33:**

Defendant Kyle Puntney Admits Request No. 33.

**REQUEST NO.  34:**

Allan Rothstein and Kyle Puntney executed a "property management agreement" within the meaning of NRS § 645.0192 in connection with the rental of the Wedgebrook House.

**RESPONSE TO REQUEST NO. 34:**

Defendant Kyle Puntney Admits Request No. 34.

**REQUEST NO.  35:**

The Wedgebrook House is a "real estate" within the meaning of NRS § 645.020.

**RESPONSE TO REQUEST NO. 35:**

Defendant Kyle Puntney Admits Request No. 35.

**REQUEST NO.  36:**

Since at least January 1, 2015, Allan Rothstein has been a "real estate broker" within the meaning of NRS § 645.030.

**RESPONSE TO REQUEST NO. 36:**

FOLEY
&
OAKES

Defendant Kyle Puntney does not know the status of Mr. Rothstein's Real Estate licenses at any points in time, and therefore Defendant Kyle Puntney Denies Request No. 36.

**REQUEST NO.  37:**

Since at least January 1, 2015, Allan Rothstein has been a "real estate broker - salesperson" within the meaning of NRS § 645.035.

**RESPONSE TO REQUEST NO. 37:**

Defendant Kyle Puntney does not know the status of Mr. Rothstein's Real Estate licenses at any points in time, and therefore Defendant Kyle Puntney Denies Request No. 37.

**REQUEST NO.  38:**

At the time Allan Rothstein and Kyle Puntney executed a residential property management agreement, marked as Exhibit 5, Allan Rothstein was a "real estate salesperson" within the meaning of NRS § 645.040.

**RESPONSE TO REQUEST NO. 38:**

Defendant Kyle Puntney does not know the status of Mr. Rothstein's Real Estate licenses at any points in time, and therefore Defendant Kyle Puntney Denies Request No. 38.  Further, Exhibit 5 is not defined.

DATED this 21st day of February 2020.

Submitted by:

**FOLEY & OAKES, PC**

**/s/ Daniel T. Foley**
Daniel T. Foley, Esq.
Nevada Bar No. 1078
1210 So. Valley View Blvd., Suite # 208
Las Vegas, Nevada 89102
*Attorneys for Kyle Puntney*

**FOLEY
&
OAKES**

1

## **CERTIFICATE OF SERVICE**

2

Pursuant to FRCP 5(b), I hereby certify that I am an employee of Foley & Oakes, PC,

3

and that on the 21st day of February 2020, I served the following document(s):

4

## **DEFENDANT KYLE PUNTNEY'S ANSWERS TO FIRST REQUEST FOR**

5

## **ADMISSIONS**

6

I served the above-named document(s) by the following means to the person s as listed

7

below:

8

[ x ]    **By Direct Email** (as opposed to through the ECF system (list persons and email

9

addresses).  Based upon the written agreement of the parties to accept service by email or a court

10

order, I caused the document(s) to be sent to the persons at the email addresses listed below.  I
did not receive, within a reasonable time after the transmission, any electronic message or other
indication that the transmission was unsuccessful.

11

12

**CJ Barnabi, Esq. -    cj@barnabilaw.com; marie@flangasbarnabi.com**

13

**Tammy Maskew - tammy@barnabilaw.com**

**Christopher Brancart, Esq. - cbrancart@brancart.com**

14

**Greg Paul -** gpaul@nlslaw.net

15

**Spencer Campbell - scampbell@brancart.com**

16

17

I declare under the penalty of perjury that the foregoing is true and correct.

18

**/s/ Liz Gould**
An employee of FOLEY & OAKES, PC

19

20

21

22

23

24

25

26

27

28

**FOLEY
&
OAKES**