**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CINDY TORRES,<br><br>　　　Plaintiff<br><br>v.<br><br>ALLAN ROTHSTEIN and KYLE PUNTNEY,<br><br>　　　Defendants | Case No.: 2:19-cv-00594-APG-EJY<br><br>**Order Granting in Part Rothstein's Motion to Dismiss, Denying Rothstein's Motion to Strike, and Granting Puntney's Motion to Amend Answer**<br><br>[ECF Nos. 28, 38, 44] |

　　　Plaintiff Cindy Torres alleges that defendant Allan Rothstein sexually harassed her when she rented a home that Rothstein manages for its owner, defendant Kyle Puntney. Among other things, Rothstein required Torres to sign a "direct consent for sexual intercourse" in addition to her lease. Torres asserts claims for: (1) violations of the federal Fair Housing Act; (2) violations of Nevada's Fair Housing Law; (3) breach of the covenant of quiet enjoyment, (4) wrongful eviction, (5) violations of the Nevada Deceptive Trade Practices Act (NDTPA); (6) invasion of privacy; (7) defamation; and (8) negligence. Rothstein moves to dismiss Torres' complaint and to strike Puntney's answer. Puntney moves to amend his answer.

　　　I grant Rothstein's motion to dismiss Torres' breach of the covenant of quiet enjoyment, wrongful eviction, NDTPA, invasion of privacy, defamation, and negligence claims, but I grant Torres leave to amend all but her defamation and negligence claims. I deny Rothstein's motion to dismiss in all other respects. I deny Rothstein's motion to strike and grant Puntney's motion to amend because Puntney's delay in filing an answer is partially excused and his amendment does not prejudice Rothstein or Torres.

## I. BACKGROUND[1]

After a period of homelessness, Las Vegas's public housing authority approved Torres and her five children for a Section 8 housing choice voucher (HCV). ECF No. 1 at ¶ 8. The HCV subsidized a four-bedroom rental costing $1,550 or less per month. *Id.* Rentals paid with HCV vouchers are subject to Housing and Urban Development (HUD) regulations, a standardized housing assistance payments (HAP) contract, and a HUD tenancy addendum to the lease. *Id.* at ¶¶ 11, 13-14. The HAP contract requires the landlord to credit the tenant for the amount of her subsidy and, in "accordance with applicable equal opportunity statutes, Executive Orders, and regulations, the owner must not discriminate against any person because of race, color, religion, sex, national origin, age, familial status or disability in connection with the lease." *Id.* at ¶¶ 15, 17.

Rothstein manages a house at 11893 Wedgebrook Street in Las Vegas for Puntney, who owns it. *Id.* at ¶¶ 5-6. In September 2018, Torres asked Rothstein about renting the home with her HCV voucher. *Id.* at ¶¶ 8-9. Torres visited the home and picked up an application from Rothstein's home. *Id.* at ¶ 10. She returned to the house with her completed application and initial money order. *Id.* at ¶ 18. Rothstein demanded additional money. *Id.* Lacking funds, Torres offered to clean and repair the house. *Id.* Rothstein demurred and demanded that she perform a sexual act on him. *Id.* Torres refused, repeated her offer to repair the house, demanded that Rothstein process her application, and left. *Id.*

Torres cleaned and repaired the house. *Id.* at ¶¶ 19-20. After the Southern Nevada Regional Housing Authority inspected the house, Rothstein provided a HAP contract signed by

---

[1] The following summarizes Torres' allegations in her complaint. I do not make any findings of fact.

Puntney and containing the HUD tenancy addendum. *Id.* at ¶ 20.  The HAP contract specified monthly rent of $1475, of which $145 was to be paid by Torres. *Id.*

The next month, Rothstein required Torres to return to his home to sign a lease and pay additional funds. *Id.* at ¶ 22.  Torres paid and Rothstein required her to sign the lease and six additional forms. *Id.* at ¶ 23.  The final form was entitled "Direct Consent for Sexual Intercourse and/or Fellatio or Cunnilingus," and provided:

> The RESPONDENT/S hereby and freely gives their total consent to the INITIATOR/S to engage in sexual activities with the RESPONDENT/S with the understanding that sexual intercourse as defined by the State of Nevada will occur.  This consent and agreement is valid for the period of FIVE years and does hereby freely give implied consent to consecutive or concurrent sexual encounters between the RESPONDENTS/S and the INITIATOR/S. . . .
>
> RESPONDENT/S has not been forced into sexual activities under the threat of economic sanctions . . .  unless she complies with INITIATOR/S requirement or request for sexual intercourse . . .
>
> RESPONDENT does not currently have a boyfriend/girlfriend/parent who is larger, meaner, and more physically aggressive, owns firearms and/or is more possessive than the INITIATOR/S.

*Id.* at ¶ 25.  Torres protested, but signed the form based on Rothstein's explanation that it was required to lease the house. *Id.*

In the months that followed, Rothstein repeatedly threatened to evict Torres and her family. *Id.* at ¶ 27.  The defendants later served two eviction notices claiming Torres owed sums that she paid with her HCV. *Id.* at ¶ 28.  The defendants later dropped their eviction proceeding, and Torres filed this suit. *Id.* at ¶ 31.

/ / / /

/ / / /

3

## II. DISCUSSION

### A. Rothstein's Motion to Dismiss (ECF No. 28)

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555. A complaint or individual claim should be dismissed without leave to amend only when "it is clear . . . that the complaint could not be saved by amendment." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998).

#### 1. Fair Housing Act Claim

Rothstein argues that Torres fails to state a claim for relief because she does not allege discrimination on the basis of sex. ECF No. 28 at 5-6. But "it is beyond question that sexual harassment is a form of discrimination." *Beliveau v. Caras*, 873 F. Supp. 1393, 1397 (C.D. Cal. 1995). Federal courts have thus recognized that sexual harassment claims are actionable under the Fair Housing Act (FHA). *See Salisbury v. Hickman*, 974 F. Supp. 2d 1282, 1290 (E.D. Cal. 2013) (collecting cases). "Specifically, where the sexual harassment creates a 'hostile housing environment' or constitutes 'quid pro quo sexual harassment,' it is actionable under the FHA." *Id.* (quoting *United States v. Hurt*, 676 F.3d 649, 654 (8th Cir. 2012)). HUD regulations also encompass both theories of sexual harassment. *See* 24 C.F.R. §§ 100.600(a)(1)-(2). Torres'

well-pleaded allegations that Rothstein demanded a sexual favor and a sexual consent form are sufficient to state a plausible claim for relief under either theory.

      2.   Nevada Fair Housing Law Claim

Nevada's Fair Housing Law (FHL) also prohibits discriminatory practices and mirrors the FHA. *Compare* Nev. Rev. Stat. §§ 118.010-118.120, *with* 42 §§ U.S.C. 3601-3619. Although the Supreme Court of Nevada has not addressed whether a sexual harassment claim is actionable under the FHL, that court looks to federal law when considering similar employment discrimination claims. *See Pope v. Motel 6*, 114 P.3d 277, 280 (Nev. 2005); *Copeland v. Desert Inn Hotel*, 673 P.2d 490, 492 (Nev. 1983). I thus predict that the Supreme Court of Nevada would look to federal decisions and allow sexual harassment claims under the FHL.[2] And because her FHL claim mirrors her FHA claim, she has stated a plausible claim for relief under the FHL.[3]

      3.   Breach of the Implied Covenant of Quiet Enjoyment Claim

"Every lease includes an implied covenant of quiet enjoyment that exists by operation of law . . . ." *Pickett v. McCarran Mansion, LLC*, No. 70127, 2017 WL 3526269, at *8 (Nev. App. Aug. 8, 2017). "The purpose of the covenant of quiet enjoyment is to secure tenants against the acts or hindrances of landlords. Therefore, to prove a sufficient issue for breach of the covenant

---

[2] When a federal court interprets state law, it is bound by the decisions of the state's highest court. *Assurance Co. of Am. v. Wall & Assocs. LLC of Olympia*, 379 F.3d 557, 560 (9th Cir. 2004). Where the state's highest court has not decided the issue, a federal court must predict how that court would decide. *Orkin v. Taylor,* 487 F.3d 734, 741 (9th Cir. 2007). I may use "decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *Assurance Co.*, 379 F.3d at 560 (quotation omitted).

[3] Rothstein also argues that the FHL contemplates only proceedings before the Nevada Equal Right Commission and Nevada district courts. ECF No. 28 at 6. But because Torres' FHA claim is a federal one and related to her FHL claim, I exercise supplemental jurisdiction over her state-law claims. *See* 28 U.S.C. § 1367(a).

5

of quiet enjoyment, the tenant need only provide evidence demonstrating constructive eviction; actual eviction is not required." *Winchell v. Schiff*, 193 P.3d 946, 952 (Nev. 2008).  But "[n]o constructive eviction results if the tenant continues in possession even though disturbed in the beneficial enjoyment of the premises." *Yee v. Weiss*, 877 P.2d 510, 512 (Nev. 1994).  Because Torres does not allege that she has vacated the home, she has not alleged a plausible quiet enjoyment claim.  I grant Rothstein's motion to dismiss, but grant Torres leave to amend if she can plead facts showing she was actually or constructively evicted.

    4.  Wrongful Eviction Claim

Torres alleges that the defendants threatened to evict her in violation of Nevada Revised Statutes Chapter 118A. ECF No. 1 at ¶¶ 43-44.  Chapter 118A includes most of Nevada's landlord-tenant law and contains 20 subchapters addressing remedies.  Several of these remedies may be relevant here. *See, e.g.*, Nev. Rev. Stat. § 118A.510 (prohibiting retaliatory conduct).  But Torres does not allege or argue what the nature of her wrongful eviction claim is.  So I grant Rothstein's motion to dismiss, but I allow Torres to amend because it is not clear amendment would be futile.

    5.  NDTPA Claim

Torres alleges that the defendants violated Nevada Revised Statutes § 598.015, which defines 15 practices involving false or misleading statements as deceptive trade practices.  Federal Rule of Civil Procedure 9(b)'s particularity requirement applies to NDTPA claims sounding in fraud. *See Horner v. Mortg. Elec. Registration Sys., Inc.*, 711 F. App'x 817 (9th Cir. 2017) (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009)). "Rule 9(b) requires a party to state with particularity the circumstances constituting fraud or mistake, including the who, what, when, where, and how of the misconduct charged." *Ebeid ex rel. U.S. v.*

*Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (quotation omitted).  Additionally, "[t]he plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.*

Torres argues, but does not allege in the complaint, that Rothstein made a false representation in violation of § 598.0915 because he "advertised leasing the premises for [Torres] to rent, but in reality, [he] also demanded sex." ECF No. 30 at 12.  Torres argues her separate factual allegations of Rothstein advertising and demanding sex are sufficient, but Rule 9(b) requires that she plead in her complaint—at the very least—what she argues in her opposition to Rothstein's motion.  So I grant Rothstein's motion to dismiss, but I grant Torres leave to amend.

      6.   Invasion of Privacy

There are four "invasion of privacy" torts under Nevada law: "1) unreasonable intrusion upon the seclusion of another; 2) appropriation of the name or likeness of another; 3) unreasonable publicity given to private facts; and 4) publicity unreasonably placing another in a false light before the public." *People for Ethical Treatment of Animals v. Bobby Berosini, Ltd.*, 895 P.2d 1269, 1278 (Nev. 1995), *overruled on other grounds by City of Las Vegas Downtown Redevelopment Agency v. Hecht*, 940 P.2d 134 (Nev. 1997).  Torres argues, but does not allege, that Rothstein unreasonably intruded upon her seclusion.  Because Torres' allegations fail to give Rothstein sufficient notice of the claim against him, I grant Rothstein's motion to dismiss this claim.  But I allow Torres leave to amend because it not clear that amendment would be futile.

      7.   Defamation and Negligence

Torres concedes that her defamation and negligence claims should be dismissed against Rothstein only. ECF No. 30 at 13.  So I grant Rothstein's motion to dismiss these claims, without leave to amend.

7

**B. Rothstein's Motion to Strike and Puntney's Motion to Amend (ECF Nos. 38, 44)**

Puntney was served with Torres' complaint on May 2, 2019. ECF No. 11. On May 23, 2019, Rothstein filed an answer *pro se* on behalf of Puntney and himself, but the answer was signed only by Rothstein, and Puntney claims Rothstein filed it without his authority. ECF Nos. 10; 43 at 3. The Clerk's office removed Puntney as a filing party on the docket because a *pro se* party is not permitted to file on behalf of another *pro se* party. *Id.* Under the scheduling order, the deadline for amending pleadings was August 20, 2019. ECF No. 16 at 2. Puntney filed an answer on October 4, 2019 asserting cross-claims against Rothstein. ECF No. 34. Rothstein moves to strike Puntney's answer as untimely. ECF No. 38. Puntney moves to amend his answer to assert additional affirmative defenses. ECF No. 44.

   1. Motion to Strike

"Federal Rule of Civil Procedure 12 does not provide a specific sanction for late filing of an answer." *McCabe v. Arave*, 827 F.2d 634, 639 n.5 (9th Cir. 1987). "[C]ourts rarely grant motions to strike answers. Indeed, federal courts in this and other circuits generally hold that the untimeliness of an answer, even if extreme, is not, by itself, a sufficient reason for granting a motion to strike." *Barefield v. HSBC Holdings PLC*, No. 1:18-CV-00527-LJO-JLT, 2019 WL 918206, at *3 (E.D. Cal. Feb. 25, 2019) (quotations and alterations omitted). Puntney's delay in filing an answer was relatively brief and Rothstein has not shown another reason to strike Puntney's answer. I am also persuaded by the strong policy in favor of deciding a case on its merits. *See, e.g.*, *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) ("Cases should be decided upon their merits whenever reasonably possible."). So I deny Rothstein's motion to strike Puntney's answer.

/ / / /

2. Motion to Amend

Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The district court's discretion to grant leave to amend is guided by various factors, including "bad faith, undue delay, prejudice to the opposing party, and whether the [party] has previously amended the [pleading]." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (internal quotation marks and citation omitted).

In his proposed amended answer, Puntney asserts two new affirmative defenses based on the fact that he owns two rental properties, rather than the one his counsel previously knew about. ECF No. 44 at 3. Torres does not oppose amendment. ECF No. 45. Rothstein opposes, but rehashes his same arguments against Puntney's initial untimely answer. ECF No. 47. I reject those arguments because Puntney's delay was relatively brief and Rothstein has not shown another reason to strike Puntney's answer. Additionally, Puntney's amendment does not affect his crossclaims against Rothstein, so amendment does not prejudice Rothstein. I thus grant Puntney's motion to amend his answer.

### III.   CONCLUSION

I THEREFORE ORDER that defendant Allan Rothstein's motion to dismiss **(ECF No. 28) is GRANTED in part and DENIED in part**. Plaintiff Cindy Torres' breach of the covenant of quiet enjoyment, wrongful eviction, NDTPA, and invasion of privacy claims are dismissed with leave to amend **by June 19, 2020**. Torres' defamation and negligence claims are dismissed against Rothstein only without leave to amend.

I FURTHER ORDER that defendant Allan Rothstein's motion to strike **(ECF No. 38) is DENIED.**

I FURTHER ORDER that defendant Kyle Puntney's motion to amend **(ECF No. 44) is GRANTED.**

DATED this 20th day of May, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE