UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CANDY TORRES,

        Plaintiff,

    v.

ALLAN ROTHSTEIN and KYLE PUNTNEY,

        Defendants.

Case No. 2:19-cv-00594-APG-EJY

**ORDER AWARDING ATTORNEY'S FEES
AND COSTS AND TO SHOW CAUSE**

Before the Court is Plaintiff's Motion for Sanctions Against Defendant Allan Rothstein [("Rothstein")] for Failure to Comply with Court Order Compelling Discovery.  ECF No. 89. Rothstein did not respond to Plaintiff's Motion.

**BACKGROUND**

On July 6, 2020, the Court entered an Order granting Plaintiff's Motion to Compel, which reopened discovery for the purpose of giving Rothstein 14 days within which to provide Plaintiff with dates, times, and locations for the inspection and copying of materials responsive to Plaintiff's Requests for Production of Documents 7, 8, and 9.  ECF No. 81 at 13-14.  In her Motion for Sanctions, Plaintiff states that Rothstein has not complied with the Court's Order.  ECF No. 89 at 2, 5-7.  Plaintiff explains that copies of the Court's Order were sent to Rothstein by mail and email on July 8 and July 9, 2020 respectively, that she sent a follow-up email reminding Rothstein of his duty on July 19, 2020, and that she mailed a letter to Rothstein on August 10, 2020 seeking a date and time for production of responsive documents.  *Id.* at 5-6.  Plaintiff states Rothstein did not respond to any of these communications.  ECF No. 89-1 ¶¶ 5-6.  Plaintiff further alleges that her counsel's legal assistant, Spencer Campbell, placed three calls to Rothstein at the number provided during his October 14, 2020 deposition.  Rothstein disconnected the first call he received after learning that counsel's legal assistant was inquiring into the status of the document production, and Rothstein simply did not answer the two other calls.  ECF No. 89 at 7 (internal citations omitted).

Plaintiff now moves for a court order striking Rothstein's answer under Fed. R. Civ. P. 37(b)(2)(A)(iii) or, in the alternative, precluding Rothstein from providing evidence in any motion or at trial that "he never sexual[ly] harassed or made any sexual remarks to any tenant or prospective tenant," or that Plaintiff "Candy Torres is the only tenant to whom Rothstein presented a Consent for Sexual Intercourse and/or Fellatio or Cunnilingus form or similar documents." ECF No. 89 at 2, 7-8.

## DISCUSSION

Local Rule 7-2(d) states that the "failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." There is no dispute that Rothstein failed to oppose Plaintiff's Motion for Sanctions. This alone allows the Court to grant Plaintiff's Motion.

Moreover, if a party "fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). A district court has broad discretion to impose discovery sanctions (*Ritchie v. U.S.*, 451 F.3d 1019, 1026 (9th Cir. 2006)) and, in doing so, examines all instances of a party's misconduct. *Adriana Int'l. Corp. v. Thoeren*, 913 F.2d 1406, 1411 (9th Cir. 1990). The Supreme Court notes that case-dispositive sanctions, such as striking an answer, "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976). However, the Ninth Circuit uses a five factor test to determine if case terminating sanctions are appropriate under Rule 37. *Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (internal citation omitted). These five factors include: "(1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id*. (citing *Jorgensen v. Cassiday,* 320 F.3d 906, 912 (9th Cir.2003) (quoting *Malone v. U.S. Postal Serv.,* 833 F.2d 128, 130 (9th Cir.1987)). The fifth factor has three subparts including: "whether the court has considered lesser sanctions, whether it tried them, and

2

whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Id.* (citing *Valley Eng'rs v. Electric Eng'g Co.*, 158 F. 3d 1051, 1057 (9th Cir. 1998).

Here, Plaintiff asks for case terminating sanctions in the form of striking Rothstein's answer or precluding Rothstein from presenting evidence in a motion or at trial that "he never sexual[ly] harassed or made any sexual remarks to any tenant or prospective tenant" or that Plaintiff "Candy Torres is the only tenant to whom Rothstein presented a Consent for Sexual Intercourse and/or Fellatio or Cunnilingus form or similar documents." ECF No. 89 at 2, 7-8. While the Court finds sanctions are appropriate, no previous order was issued warning Rothstein of potential case terminating sanctions. Thus, at this time, the Court declines to enter the sanctions requested by Plaintiff. Instead, the Court will order Rothstein to pay the reasonable attorney's fees and costs to Plaintiff incurred in the preparation of her Motion for Sanctions. The Court also orders Rothstein to show cause why the sanctions Plaintiff requests should not be granted.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion for Sanctions Against Defendant Allan Rothstein for Failure to Comply with Court Order Compelling Discovery (ECF No. 89) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that within ten (10) days of the date of this Order, Plaintiff's counsel shall submit a memorandum of fees and costs incurred in the preparation of the Motion for Sanctions (ECF No. 89) detailing the activities, hours spent (in tenths of hours), and the rate charged by each attorney who worked on the Motion. Appropriate redactions from billing records for attorney client privilege and/or work product may be made for the public filing with non-redacted copies of such records filed under seal.

IT IS FURTHER ORDERED that Rothstein shall have seven (7) days to respond to Plaintiff's memorandum.

IT IS FURTHER ORDERED that Rothstein is directed to show cause no later than **December 7, 2020** why additional sanctions requested by Plaintiff should not be imposed in this matter.

1    IT IS FURTHER ORDERED that a failure to timely respond to the Order to Show Cause

2 may result in additional sanctions including, but not limited to, the recommendation that Rothstein

3 be precluded from presenting certain evidence in motion practice or at trial or striking Rothstein's

4 answer from the record.

5    DATED this 23rd day of November, 2020.

6

7

8    ELAYNA J. YOUCHAH
     UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28