UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CANDY TORRES,<br><br>    Plaintiff<br><br>v.<br><br>ALLAN ROTHSTEIN and KYLE PUNTNEY,<br><br>    Defendants | Case No.: 2:19-cv-00594-APG-EJY<br><br>**Order (1) Granting Plaintiff's Motion to Dismiss and (2) Denying Defendant's Motion for Leave to Amend Answer to Assert Counterclaims**<br><br>[ECF Nos. 90, 97] |

    Plaintiff Candy Torres sued defendants Allan Rothstein and Kyle Puntney for discrimination, harassment, wrongful eviction, and deceptive trade practices arising from her rental of a house that Rothstein managed and Puntney owned. After I granted Torres leave to file an amended complaint, Puntney filed an amended answer that, for the first time, asserted counterclaims against Torres. The counter complaint alleges that Torres caused substantial damage to the house she rented, which Puntney became aware of after Torres moved out.

    Torres moves to dismiss the counterclaims as untimely, arguing that Puntney needed leave to add counterclaims after the deadline to amend pleadings had expired and that he cannot satisfy the requirements for leave to amend the scheduling order under Federal Rule of Civil Procedure (FRCP) 16. Puntney responds that Torres's motion is improper and untimely. Puntney further argues that the counterclaims are compulsory, they are governed by Rules 13 and 15, and Rule 15 liberally allows for amendments. He repeats this argument in his motion for leave to assert the counterclaims.

I grant Torres's motion to dismiss because Puntney's counter complaint was filed after the deadline to amend the pleadings and he has not shown good cause or excusable neglect for the delay. For the same reasons, I deny Puntney's motion for leave to amend.

## I.     **BACKGROUND**

Torres rented a dwelling (Wedgebrook House) and paid a portion of her rent with a U.S. Department of Housing and Urban Development housing choice voucher. ECF No. 76 at 2. Rothstein managed the Wedgebrook House for the owner, Puntney. *Id.*  Torres alleges that Rothstein sexually harassed her while she was going through the process of renting the Wedgebrook House. *Id.* at 7.  Torres also alleges that several lease provisions violate federal and state law and that Rothstein attempted to wrongfully evict her. *Id.* at 9, 17-18.

On April 8, 2019, Torres filed this suit. ECF No. 1.  The first scheduling order set the deadline for amending pleadings and adding parties as August 20, 2019. ECF No. 16.  Puntney filed his answer, which did not include any counterclaims, in October 2019. ECF No. 34.  The next month, Torres's lease ended and she moved out. ECF No. 86 at 9.  In December 2019, Puntney learned that the Wedgebrook House was damaged. ECF No. 90-2 at 12.  During Puntney's deposition on January 14, 2020, he described the damage to the property but did not mention that he would bring counterclaims in this action. ECF No. 90-2 at 7-13.  He explained that he was still in the process of assessing the damage but estimated it could be between $7,000 and $10,000. *Id.* at 12.  On February 24, 2020, discovery closed. ECF No. 40 at 2.  About a month later, the parties stipulated to an amended scheduling order that extended the dispositive motions deadline but did not change the discovery and amending pleadings deadlines that had already passed. ECF Nos. 64 at 2; 67 at 2.

I subsequently dismissed some of Torres's claims and allowed her to amend. ECF No. 74 at 9. On June 20, 2020, Torres filed her amended complaint, which added more detailed factual allegations and statutory citations but did not add any claims or change the scope of the case. ECF No. 76. On July 23, 2020, Puntney filed an answer to Torres' amended complaint that included counterclaims for alleged damage to the Wedgebrook House. ECF No. 86.

On November 2, 2020, Torres answered the counter complaint, asserting the defense that Puntney's counterclaims were untimely under the scheduling order. ECF No. 88 at 2. A few weeks later, she moved to dismiss the counterclaims under Rules 12(b), 12(c), 16(a), and 56(a). Torres argues that Puntney's counterclaims were filed after the deadline for adding claims, were not compulsory, and would prejudice her. Puntney responds that Torres waived her arguments under Rule 12(b) by filing an answer first, that the motions under 12(c), 16(a), and 56(a) are procedurally flawed, and that Torres' motion was untimely. Further, Puntney argues that his counterclaims are compulsory, and that he did not file them earlier because they arose after Torres filed suit. Puntney also separately moves to amend his answer to assert the counterclaims, arguing that amendments to pleadings should be freely allowed.

**II.  ANALYSIS**

    **A.  Counterclaims Added After an Amended Complaint**

Although a defendant is typically permitted to file an answer to a plaintiff's amended complaint without leave of court, district courts in the Ninth Circuit generally follow the "moderate approach" in determining whether counterclaims in response to an amended complaint are permitted as of right. *Coppola v. Smith*, No. 1:11-CV-1257 AWI BAM, 2015 WL 2127965, at *2 (E.D. Cal. May 6, 2015) (collecting cases). Under this approach, "if an amended complaint does not change the theory or scope of the case, a [defendant] must seek leave of court

pursuant to Rule 15(a) before it can amend its answer to assert a counterclaim." *Id.* at 2 (internal quotation and citation omitted); *see also Composite Res., Inc. v. Recon Med., LLC*, No. 2:17-cv-01755-MMD-VCF, 2018 WL 5886530, at *1 (D. Nev. Nov. 9, 2018).

Torres's amended complaint did not expand the scope or change the theory of the case. Her amendments added only factual support for her existing sexual harassment, wrongful eviction, and deceptive trade practices claims. None of these changes referenced the damages to the Wedgebrook House. As such, Puntney needed leave of court to assert new counterclaims.

When a defendant includes a new counterclaim in an amended answer without first asking for leave to amend, a plaintiff may challenge it through Rule 12(b)(6), Rule 56, or Rule 8(c). *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 101 (2d Cir. 2019). "In ruling on a motion to dismiss a new counterclaim, a district court can . . . exercise the discretion the court would have been entitled to use if the counterclaimant had moved under Rule 15." *Id.*

Puntney argues that Torres waived her right to file a Rule 12(b) motion by filing her answer prior to filing her motion to dismiss. However, Torres's motion is based on a procedural bar to Puntney filing new counterclaims. That is not one of the five defenses that is waived if an answer is filed first.[1] Fed. R. Civ. P. 12(b)(2)-(5); (h)(1). Although Torres could have made it clearer which provision of Rule 12(b) she was basing her motion on, it is sufficient for these circumstances. Torres's motion to dismiss is therefore proper.[2]

/ / / /

---

[1] Torres also preserved the defense by putting it in her answer. Fed. R. Civ. P. 12(h)(1)(B)(ii).

[2] Puntney also argues that I should not consider Torres's motion because Torres delayed filing an answer and the motion. While Torres should have sought leave of court, her attorney's explanation in his declaration constitutes excusable neglect. ECF No. 101-1 at 1-2. Puntney does not identify any prejudice caused by the delay, the length of delay was relatively short, it did not have an impact on the proceedings, and there is no evidence of lack of good faith. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000).

### B. Good Cause and Excusable Neglect

Rule 15(a)(2) permits courts to "freely give leave [to amend] when justice so requires." After a court has filed a pretrial scheduling order, however, Rule (16)(b) governs. *Johnson v. Mammoth Recreations*, Inc., 975 F.2d 604, 607 (9th Cir. 1992). Rule 16(b)(4) allows for modification of the schedule "only for good cause." Under District of Nevada Local Rules, a motion to extend a scheduled deadline after it has passed requires the movant to show both good cause and excusable neglect. LR 26-3. Good cause exists if the deadline could not have been reasonably met "despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).

Excusable neglect exists where a party does not meet a filing deadline due to negligence, and equitable factors weigh in favor of granting an extension. *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009). There are four main factors for determining whether neglect is excusable: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Puntney has not shown good cause or excusable neglect. He has not demonstrated good cause because he has not shown that he acted diligently in bringing the counterclaims. Although he was not aware of the basis for the claims at the time that Torres filed her lawsuit or prior to the August 20, 2019 deadline to amend the pleadings, he had ample time to bring the claims after learning of the damage. Puntney discovered the damage in late December 2019 and early January 2020, but there is no evidence that he gave Torres notice that he intended to bring a counterclaim when he discussed the damage in his January 14th deposition. ECF No. 90-2 at 7-

5

13. The parties later stipulated to amend the scheduling order to extend the dispositive motions deadline but did not change the deadlines for discovery or amending the pleadings. ECF Nos. 39 at 2; 64 at 2. It was not until nearly seven months after Puntney became aware of the damage that he added these counterclaims. Puntney has not explained the reasons for this delay and I therefore cannot conclude that he acted diligently.

Puntney also has not shown that the excusable neglect factors favor allowing him to add his counterclaims. First, there is danger of prejudice to Torres because she was not given notice of the extent of the alleged damages or that new claims would be brought this late in the litigation. Second, allowing these counterclaims would necessitate reopening discovery and extending the dispositive motion deadline, and would likely delay trial. Third, Puntney has not offered any reason for the delay between the time he became aware of the damage and when he filed his claims, and he could have asserted them earlier. There is no evidence Puntney acted in bad faith, but the other factors weigh against allowing amendment.

Puntney will not be prejudiced if these counterclaims are dismissed because the counterclaims are not compulsory and he can bring them in a separate action. A counterclaim is compulsory when it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A). I apply the "logical relationship test" for determining whether a counterclaim is compulsory. *Mattel, Inc v. MGA Entm't, Inc.*, 705 F.3d 1108, 1110 (9th Cir. 2013). There is a "logical relationship" between a counterclaim and an initial claim when the "same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant." *Id.* (internal quotation omitted).

Puntney's counterclaims arise from damage caused to the Wedgebrook House when Torres moved out in November 2019. Those counterclaims involve facts related to the extent and cause of that damage and the legal obligations Torres had under the lease and Nevada law. Torres's claims, however, arise out of events that occurred prior to April 2019 and involve facts related to Rothstein's actions towards her, the charging of unlawful rent amounts and fees, the lack of notice of the Wedgebrook House's default status, and lease provisions related to liability. The claims and counterclaims do not arise out of the same operative facts, so Puntney's counterclaims are not compulsory. Because they are not compulsory, Puntney is free to bring them against Torres in another case and he will thus not be prejudiced if I do not allow him to assert them in this case. Because Puntney has not demonstrated the requisite good cause or excusable neglect, I dismiss Puntney's counterclaims and deny his motion for leave to amend.[3]

### III.  CONCLUSION

I THEREFORE ORDER that plaintiff Candy Torres's motion to dismiss **(ECF No. 90) is GRANTED.** Defendant Kyle Puntney's counterclaims are dismissed without prejudice.

I FURTHER ORDER that defendant Kyle Puntney's motion for leave to amend answer to include the counterclaims **(ECF No. 97) is DENIED**.

DATED this 5th day of January, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[3] Even if I were to apply the Rule 15 standard for leave to amend, the outcome would be the same. I would deny leave because Puntney unduly delayed by not bringing the counterclaims until seven months after learning of the damage and there is prejudice to Torres. *See Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (setting forth factors to consider under Rule 15).