NEVADA LEGAL SERVICES
  Gregory Paul (NV 9645)
  gpaul@nlslaw.net
530 South 6th Street
Las Vegas, NV 89101
Tel:   (702) 388-1641, Ext 130
Fax:   (702) 386-0404

BRANCART & BRANCART
  Christopher Brancart (NV 8969)
  cbrancart@brancart.com
Post Office Box 686
Pescadero, CA  94060
Tel:   (650) 879-0141
Fax:   (650) 879-1103

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| **CANDY TORRES,** | ) **No. 2:19-cv-00594-APG-EJY** |
| **Plaintiff,** | ) |
| **vs.** | ) **[PROPOSED] PRETRIAL ORDER** |
| **ALLAN ROTHSTEIN and KYLE PUNTNEY,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| **KYLE PUNTNEY,  an individual,** | ) |
| **Cross-Complainant,** | ) |
| **vs.** | ) |
| **ALLAN ROTHSTEIN, etc., et al.** | ) |
| **Cross-Defendants.** | ) |

///

///

///

1  **After pretrial proceedings in this case, IT IS ORDERED:**

2  **I.  NATURE OF THE ACTION**

3       This is an action for monetary, declaratory and injunctive relief brought by

4  plaintiff Candy Torres brought against defendants Allan Rothstein and Kyle

5  Puntney alleging violations of the federal Fair Housing Act, 42 U.S.C. §§ 3601 *et*

6  *seq.*, the Nevada Residential Landlord and Tenant Act, Nev. Rev. Stat. Chapter

7  118A, and for Deceptive Trade Practices in violation of Nev. Rev. Stat. Chapter

8  598.  (First Amended Complaint, ECF 76.)  Defendant Kyle Puntney cross claims

9  against defendant Allan Rothstein for indemnity. (Answer to Amended Complaint,

10  Etc., ECF 86.)  As of January 5, 2022, Torres has settled all claims against

11  Puntney, subject to the Court's approval of good faith settlement.  (ECF 163.)

12       **A.  Contentions of Plaintiff Candy Torres**

13       Plaintiff Candy Torres contends that between September 27, 2018, and

14  April 8, 2019, defendant Allan Rothstein injured Torres by committing

15  discriminatory housing practices, violations of the Nevada landlord tenant law,

16  and deceptive trade practices in his capacity as rental agent and property manager

17  of a Las Vegas rental dwelling owned by defendant Kyle Puntney.  Torres claimed

18  that Puntney was vicariously liable for Rothstein's misconduct.

19       Between 2010 and 2020, Puntney – who resides in Texas – owned and

20  rented the home located at 11893 Wedgebrook Street (the "Wedgebrook house")

21  as an absentee landlord.  Between 2010 and November 15, 2019, Puntney

22  employed Rothstein, a licensed real estate broker and certified property manager,

23  to manage the Wedgebrook house as a rental property on behalf of Puntney

24  pursuant to a property management agreement.  Under their property management

25  agreement, Puntney delegated to Rothstein the responsibility for rental,

26  management, and operation of the Wedgebrook house.

27       In August 2018, Candy Torres and her five minor children were living from

28  week to week in a residential hotel in Las Vegas.  That month the Southern

1    Nevada Regional Housing Authority (SNRHA), Clark County's public housing

2    authority, approved Torres for a Section 8 housing choice voucher, and she began

3    searching for housing in order to use that voucher.  In September 2018, Torres

4    responded to a web advertisement for the Wedgebrook house posted by Rothstein.

5    Torres contacted Rothstein inquiring about rental of the Wedgebrook house using

6    her Section 8 voucher. Rothstein stated he "loved" working with Section 8 tenants,

7    but required Torres to pay a "holding deposit" in order to take the Wedgebrook

8    house off the market while they completed the Section 8 application process.

9    (Because a portion of Torres's rent was paid using a housing choice voucher, her

10   rental of the Wedgebrook House was subject to several HUD regulations in

11   addition to Nevada's landlord-tenant statutes.)

12         On September 27, 2018, Torres went to the address Rothstein had provided

13   to drop off the holding deposit and start the application process.  The address

14   turned out to be Rothstein's home.  Torres brought the voucher package and three

15   money orders totaling $785.  Torres inspected the house and advised Rothstein

16   that because of its poor condition, the house would not pass SNRHA's inspection

17   to qualify as a Section 8 property. Torres and Rothstein agreed that Rothstein

18   would waive any additional rental deposits in exchange for Torres repairing and

19   improving the property.

20         In October, Torres painted and cleaned the Wedgebrook house. She

21   installed a toilet that had been removed and purchased and replaced the carpet.

22   Torres had to visit Rothstein's home on multiple occasions to complete the steps

23   necessary to submit her application to SNRHA for approval of the Wedgebrook

24   house.  In one of those early meetings, Rothstein told Torres that she was pretty,

25   which Torres felt was inappropriate but ignored.  Before SNRHA would inspect

26   and approve the Wedgebrook house, SNRHA required that Rothstein submit a

27   final lease signed by Torres and an executed housing assistance program (HAP)

28   contract. Rothstein provided that signed lease packet, which comported with

1   HUD's requirements, on November 17, 2018, and SNRHA inspected and
2   approved the property on that same day.

3       Shortly after SNRHA approved the Wedgebrook house, and after Torres had
4   repaired and cleaned the property, Rothstein demanded additional deposit funds,
5   contrary to his prior agreement with Torres. Torres traveled to Rothstein's house
6   to dispute that she owed additional deposit funds. Rothstein refused to honor his
7   agreement but proposed that Torres could give him a "hand job," a solicitation that
8   Torres refused and dismissed, saying, "Com'on Allan. Let's keep it professional."
9   Shaken by Rothstein's sexual demand, Torres made excuses and left.

10      Determined to keep the housing she had worked so hard to obtain, Torres
11  returned to Rothstein's home office on November 23, 2018, and paid him the
12  additional funds he demanded, an additional $1,822.  Then, in order to rent the
13  Wedgebrook house for the one-year term Rothstein had already agreed to in the
14  HAP contract, Rothstein demanded that Torres execute a second lease agreement
15  packet. That second lease and attachments contained different terms than the
16  November 17 contract, including ones that violated HUD regulations, the HAP
17  contract, Nevada's landlord-tenant statutes, and the Fair Housing Act.

18      The second lease shifting the duty to pay for certain utilities from the
19  landlord (Puntney) to the tenant (Torres) in violation of HUD regulations and the
20  HAP contract.  Rothstein also demanded that Torres sign an agreement to pay late
21  fees and charges in excess of those permitted under Nevada's landlord-tenant law.
22  Among the attached forms that Rothstein required Torres to sign on
23  November 23 as a condition to lease the Wedgebrook house was a "Release of
24  Liability and Assumption of Risk," Deposition Exhibit 36, which provided that the
25  Torres waived all claims against the landlord and his agents and employees.
26  Another form was entitled "Direct Consent for Sexual Intercourse and/or Fellatio
27  or Cunnilingus," Deposition Exhibit 35, in which Torres, *inter alia*, had to consent
28  to "engage in sexual activities" with Rothstein.  When Torres protested and

1  questioned why she was required these new additional forms, particularly the
2  Direct Consent form, Rothstein stated that unless she signed them, she could not
3  go forward with the rental of the Wedgebrook house.  Torres signed the stack of
4  forms that Rothstein demanded that she execute. Rothstein never submitted this
5  November 23 lease or attached forms to SNRHA.

6       According to Rothstein, he obtained a copy of the "Direct Consent for
7  Sexual Intercourse and/or Fellatio or Cunnilingus" form from the internet and kept
8  a copy in his rental forms file.  He admits that he presented the form to Torres as
9  part of the rental packet he required her to sign. Rothstein has insisted, repeatedly,
10 that each term in his "Direct Consent for Sexual Intercourse and/or Fellatio or
11 Cunnilingus" form is complete appropriate and lawful. He observed only one
12 aspect that causes him concern – the term of the agreement should have been one
13 year, not five years.

14      During the period Torres applied to rent the Wedgebrook house and
15 during a portion of her tenancy, Rothstein knew the house was in default and
16 subject to foreclosure but knowingly failed or refused to disclose that fact to
17 Torres.  Specifically, on August 13, 2018, the National Default Servicing
18 Corporation, acting as trustee for CMG Mortgage, Inc., filed a Notice of Default
19 against Kyle Puntney, the owner of the Wedgebrook house. Per the notice, "the
20 installments of principal and interest…became due on 12/01/2017." A notice of
21 recession of that notice of default was recorded on November 1, 2018.

22      Rothstein was aware of the Notice of Default as early as September 4,
23 2018. He sent several emails in September and October urging Puntney to pay the
24 mortgage arrears and cure the default. Despite working with Torres for over a
25 month as a prospective tenant to process SNRHA's approval of the Wedgebrook
26 house while its mortgage was in default, Rothstein admits that he never disclosed
27 in writing to Torres that the Wedgebrook house was the subject of any foreclosure
28 proceedings.

1    During Torres's tenancy, in violation of the HAP contract, Rothstein billed
2  utility costs to Torres and, when she refused to pay those unlawful charges, he
3  then demanded that Torres pay excessive, unlawful fees and late charges, far in
4  excess of the statutory maximum. On February 12, Rothstein started an eviction
5  action against Torres, serving a five-day notice to pay or quit on Torres. The
6  notice claimed that Torres owed Rothstein the sum of $1,057 in back rent, even
7  though Rothstein had collected rent payments from SNRHA and Torres had paid
8  in excess of monthly share of the rent, $145.  To fight the eviction, Torres
9  contacted Nevada Legal Services.  On March 21, 2019, the state court denied and
10  dismissed Rothstein's eviction against Torres.  Torres filed this action on April 8,
11  2019.

12    **B.  Contentions of Defendant and Cross-Defendant Allan Rothstein**

13    Allan Rothstein contends that all of his affirmative defenses are applicable,
14  with the exception of the specific affirmative defense of contractual waiver that
15  was stricken from his list by virtue of Plaintiff's prevailing on her Motion for
16  Partial Summary Judgment.

17    Additionally, Allan Rothstein contends that Plaintiff, who did not read her
18  complaint before it was signed and who testified under oath on conflicting
19  statements of fact, is bringing this case for the improper purpose of paying off her
20  order of restitution in the amount of $25,500 that she must pay as a result of
21  pleading guilty to the reduced charges of Attempted Burglary.

22    Also, Rothstein contends that he will prevail in the 42 USC 3613 cause of
23  action and as such, he should be entitled to receive his attorney's fees and costs.

24    Further, Rothstein agrees with the following Puntney's contentions: 1 - 21,
25  24 - 28.  With regards to his contention number 22, Torres moved in with the
26  consent of Puntney and Rothstein.

27  //
28  //

1      **C.  Contentions of Cross-Complainant Kyle Puntney**

2          1.      The single-family residence located at 11893 Wedgebrook (the

3  "Residence") owned by Mr. Puntney was rented to Ms. Torres for a one-year term

4  from November 2018 to November 2019 (the "Lease").

5          2.      Ms. Torres lived in the **Wedgebrook house** uninterrupted for the full

6  year of the Lease and even moved into the **Wedgebrook house** prior to her

7  execution of the Lease through her hidden arrangement with **her** realtor, the

8  Defendant Mr. Rothstein.

9          3.      Mr. Rothstein never threatened eviction of any sort of reprisal for her

10 refusal to have sex with him. According to Ms. Torres, after she declined Mr.

11 Rothstein's request for a hand job, Mr. Rothstein "said nothing", "he just went on

12 to whatever we're doing" and "there was never any other comment, sexual

13 comments of any sort made by Mr. Rothstein".

14         4.      Ms. Torres was never in anyway apprehensive of immediate harmful

15 or offensive touching by Mr. Rothstein or that Mr. Rothstein intended to touch her

16 without her consent.  Instead, she simply left Mr. Rothstein's residence after he

17 asked for sex and she returned to Mr. Rothstein's residence on two other occasions

18 in November and other occasions in December without fear or any further

19 incidents.

20         5.      Ms. Torres was a Section 8 housing applicant with the Southern

21 Nevada Regional Housing Authority ("SNRHA").  According to Ms. Torres, her

22 application with SNRHA was incomplete and/or rejected and accordingly, Ms.

23 Torres personally hired Mr. Rothstein to represent her before the SNRHA and to

24 jointly represent her in the real estate transaction with Mr. Puntney.

25         6.      Ms. Torres never disclosed to Mr. Puntney any of her claims against

26 Mr. Rothstein even though she had his email address and contacted him directly in

27 October 2018 before signing the Lease.

28

1        7.    Ms. Torres is married to an illegal alien Mr. Armando Rivas.  Mr.

2    Rivas, according to Ms. Torres, is illegally employed and uses a false name, Juan

3    Ortiz, and a false Tax ID number in order get paid.  Ms. Torres's husband is

4    hereafter referred to as "Mr. Rivas/Ortiz".

5        8.    Ms. Torres claims that she does not reside Mr. Rivas/Ortiz, who is the

6    biological father of four of her children, for the sole reason that she would not

7    qualify for Section 8 housing if SNRHA knew that she was married.

8        9.    Mr. Rivas/Ortiz, however, resided at the Wedgebrook house during

9    the one-year term of the Lease, as according to Ms. Torres, Mr. Rivas/Ortiz was

10   with their children at the Wedgebrook house every night while she worked a 12-

11   hour shift from 5 p.m. to 5 a.m.

12       10.    Ms. Torres first communicated with Mr. Rothstein regarding the

13   Wedgebrook house which was publicly listed, on or about September 27, 2018.

14       11.    Mr. Rothstein emailed a rental application form and a Duties Owed

15   by a Nevada Real Estate Licensee form for Ms. Torres to complete.

16       12.    Ms. Torres believes she first met Mr. Rothstein in person on

17   September 29, 2018, the last Saturday of the month, at his home in the Lakes on

18   the west side of Las Vegas.

19       13.    At that first meeting on September 29, 2018, Ms. Torres delivered the

20   completed Rental Application designating Mr. Rothstein as her real estate agent.

21   Ms. Torres signed the Rental Application and dated it August 27, 2018.

22       14.    Ms. Torres also, at some point in time, delivered the Duties Owed by

23   a Nevada Real Estate Licensee form to Mr. Rothstein which she had executed and

24   dated September 27, 2018.

25       15.    On November 17, 2018, Ms. Torres executed another copy of the

26   Duties Owed by a Nevada Real Estate Licensee form designating Mr. Rothstein as

27   her agent and delivered the same to Mr. Rothstein.

28       16.    Apparently due to a typo on the form and an erroneous date, Ms.

Torres executed another corrected copy of the Duties Owed by a Nevada Real Estate Licensee form designating Mr. Rothstein as her agent on the same date September 27, 2018.

17.    Ms. Torres hired Mr. Rothstein to represent her in her effort to obtain approval from, and represent her with respect to her negotiations with, the SNRHA.  She personally typed a "to whom it may concern" letter and signed it, stating that she chose to use Allan Rothstein as her agent due to his experience with the SNRHA.

18.    Ms. Torres also executed and initialed each page of an Exclusive Broker Representation Agreement for herself as Lessee with Mr. Rothstein.

19.    Mr. Rothstein negotiated on his "client" Mr. Torres's behalf with the SNRHA.  On October 24, 2018, Wayneisha Thomas from the SNRHA emailed directly to Mr. Rothstein and informed him that his "client" Ms. Torres did not qualify for a rent voucher in the amount of $1,550 per month.

20.    In response to the SNRHA's email, Mr. Rothstein, successfully communicated with the SNRHA by email and on October 30, 2018 Mr. Rothstein, on behalf of Ms. Torres, aggressively informed the SNRHA by email "my client Candy Torres stated that she believes that her appointment is scheduled for about Nov 8th. … She is also your client and as such your responsibility as well.  Please ask the Section eight manager to made an exception to see her and complete her voucher in the alternative please furnish me with your supervisors name and phone number.  I need to discuss this travesty with the manager.  Time is of the essence."

21.    Ms. Torres executed the one-year Lease of the Wedgebrook house on November 17, 2018.

22.    However, Ms. Torres actually moved into and commenced residing in the Wedgebrook house in the last week of October 2018 and she moved into the house with the consent of Mr. Rothstein.

23.    In her Complaint, Ms. Torres states the following:

a.      On October 1, 2018, Ms. Torres delivered her completed, notarized rental application to Mr. Rothstein at his home.

b.      That same day Ms. Torres "**also** brought three money orders, comprising the total sum of money she could raise that Rothstein demanded as a condition of holding the Wedgebrook House and processing her application."

c.      But Mr. Rothstein wanted more; he demanded that Ms. Torres come up with more money.

d.      Lacking any additional funds, Ms. Torres offered to clean and repair the Wedgebrook House, improving its value and ensuring the dwelling passed HUD's quality housing standards.

e.      Mr. Rothstein agreed that trade for work was a good start, but not enough.  He asked Torres to give him a "hand job."

f.      Ms. Torres refused.

g.      Ms. Torres repeated that she would clean and repair the Wedgebrook House before the HUD inspection, demanded that Rothstein process her application, and left.

h.      In her deposition, Ms. Torres contradicted her specific allegations in the Complaint and testified that Mr. Rothstein did not ask for a hand job on October 1, 2018, but instead did not ask for the hand job until after she moved into the Wedgebrook house on November 17, 2018.

i.      Ms. Torres testified that she met with Mr. Rothstein at his house at least 7 more times during October 2018 after October 1, 2018 where she alleges in the Complaint that Mr. Rothstein asked for a hand job.

j.      Ms. Torres testified that she met with Mr. Rothstein at his house at least two more times in November after 2018 after November 17, 2018 where she alleged in her deposition that Mr. Rothstein asked for a hand job.

k.      Ms. Torres never spoke to Mr. Puntney before or during the term of

1   the Lease.

2   l.      Ms. Torres never informed Mr. Puntney via any form of
3   communication about any allegations related to sexual harassment by Mr.
4   Rothstein.

5   m.      Ms. Torres did communicate with Mr. Puntney on October 25, 2018
6   when she sent him an email stating "[c]ould you please call me asap, its
7   urgent. 7023500728".

8   n.      Ms. Torres communicated again with Mr. Puntney on October 27,
9   2018 when she sent him an email stating "I had a question, but its resolved
10  thank you".

11  24.     Ms. Torres, while living at the Wedgebrook house, had the house
12  raided by Homeland Security and other governmental agencies searching for one
13  of her guests at the house who was not home at the time, but instead was out
14  driving with Ms. Torres' oldest son.  This incident caused Ms. Torres significant
15  emotional distress.

16  25.     During the raid, the authorities had their weapons drawn and pointed
17  at  Ms. Torres and her four young children.  This incident caused Ms. Torres
18  significant emotional distress.

19  26.     Ms. Torres had a violent relationship with her husband and brother
20  and experienced two significant violent incidents with them at the Wedgebrook
21  house while her children were present.  These incident caused Ms. Torres
22  significant emotional distress.

23  27.     While living in the Wedgebrook house, Ms. Torres was cited by
24  Child Protective Services for failing to adequately care for her children and had to
25  have her mother move in with her in order to avoid having a child or more
26  removed from the house.   This incident caused Ms. Torres significant emotional
27  distress.

28  28.     None of these incidents referenced above were in any way caused by

-11-

1  or attributable to the alleged emotional distress caused by Mr. Rothstein's request

2  for sex.

3  **II.   STATEMENT OF JURISDICTION:**

4       Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 based on

5  plaintiff's federal question claim under the Fair Housing Act, 42 U.S.C. §§ 3601 *et*

6  *seq.* which arose in Clark County, Nevada.  Pursuant to 28 U.S.C. § 1367, the

7  Court has supplemental jurisdiction over plaintiff's state law claims and defendant

8  Puntney's cross complaint because they arise out of a common nucleus of related

9  facts.

10  **III.   ADMITTED FACTS**

11       **The following facts are admitted by the parties and require no proof:**

12       1.    The Wedgebrook House – the dwelling located at 11893 Wedgebrook

13  Street, Las Vegas (Wedgebrook House) – is a "dwelling" within the meaning of

14  the Fair Housing Act, 42 U.S.C. § 3602(b).  (Rothstein's Response to Request for

15  Admission No. 1; Puntney's Response to Request for Admission No. 1.)

16       2.    Allan Rothstein managed the Wedgebrook House on behalf of Kyle

17  Puntney at least between January 1, 2013 and November 15, 2019.  (Rothstein's

18  Response to Request for Admission No. 3; Puntney's Response to Request for

19  Admission No. 3.)

20       3.    Allan Rothstein managed the Wedgebrook House on behalf of Kyle

21  Puntney during the period Candy Torres rented the Wedgebrook House.

22  (Rothstein's Response to Request for Admission No. 4; Puntney's Response to

23  Request for Admission No. 4.)

24       4.    The Wedgebrook House is "property" within the meaning of NRS §

25  598.0937. (Rothstein's Response to Request for Admission No. 29; Puntney's

26  Response to Request for Admission No. 29.)

27       5.    Allan Rothstein and Kyle Puntney had an "agency" relationship

28  within the meaning of NRS § 645.0045 at least between January 1, 2018 and

1  November 1, 2019, in connection with the rental of the Wedgebrook House.
2  (Rothstein's Response to Request for Admission No. 29 (duplicate); Puntney's
3  Response to Request for Admission No. 29 (duplicate).)

4       6.    Allan Rothstein and Kyle Puntney had an "agency" relationship
5  within the meaning of NRS § 645.0045 during the tenancy of Candy Torres at the
6  Wedgebrook House.  (Rothstein's Response to Request for Admission No. 30;
7  Puntney's Response to Request for Admission No. 30.)

8       7.    Allan Rothstein acted as the agent of Kyle Puntney in the rental of the
9  Wedgebrook House to Candy Torres.  (Rothstein's Response to Request for
10  Admission No. 31; Puntney's Response to Request for Admission No. 31.)

11       8.    Kyle Puntney was the "client" of Allan Rothstein within the meaning
12  of NRS § 645.009 during the tenancy of Candy Torres at the Wedgebrook House.
13  (Rothstein's Response to Request for Admission No. 32; Puntney's Response to
14  Request for Admission No. 32.)

15       9.    Allan Rothstein was engaged in the "property management" – as
16  defined under NRS § 645.019 – of the Wedgebrook House on behalf of Kyle
17  Puntney at least between January 1, 2013 and November 1, 2019.  (Rothstein's
18  Response to Request for Admission No. 33; Puntney's Response to Request for
19  Admission No. 33.)

20       10.    Allan Rothstein and Kyle Puntney executed a "property management
21  agreement" within the meaning of NRS § 645.0192 in connection with the rental
22  of the Wedgebrook House.  (Rothstein's Response to Request for Admission No.
23  34; Puntney's Response to Request for Admission No. 34.)

24       11.    The Wedgebrook House is "real estate" within the meaning of NRS §
25  645.020. (Rothstein's Response to Request for Admission No. 35; Puntney's
26  Response to Request for Admission No. 35.)

27       12.    Defendant Rothstein admits that, since at least January 1, 2015, Allan
28  Rothstein has been a "real estate broker" within the meaning of NRS § 645.030.

1  (Rothstein's Response to Request for Admission No. 36.)

2        13.   Defendant Rothstein admits that, since at least January 1, 2015, Allan

3  Rothstein has been a "real estate broker-salesperson" within the meaning of NRS §

4  645.035.  (Rothstein's Response to Request for Admission No. 37.)

5        14.   Defendant Rothstein admits that at the time Allan Rothstein and Kyle

6  Puntney executed the residential property management agreement marked as

7  Deposition Exhibit 5, Allan Rothstein was a "real estate salesperson" within the

8  meaning of NRS § 645.040.  (Rothstein's Response to Request for Admission No.

9  38.)

10        15.   Defendant Puntney admits that at certain times between January 1,

11  2019 and November 15, 2019 the Wedgebrook House was subject to "foreclosure

12  proceedings" within the meaning of NRS § 118A.275.  (Defendant Puntney's

13  Response to Request for Admission No. 25.)

14        16.   Defendant Puntney admits that Allan Rothstein was a "landlord"

15  within the meaning of NRS § 118A.290 during the period that Candy Torres was a

16  tenant at the Wedgebrook House.  (Defendant Puntney's Response to Request for

17  Admission No. 26.)

18        17.   Defendant Puntney admits that Kyle Puntney was a "landlord" within

19  the meaning of NRS § 118A.290 during the period that Candy Torres was a tenant

20  at the Wedgebrook House.  (Defendant Puntney's Response to Request for

21  Admission No. 27.)

22  **IV.   UNCONTESTED FACTS**

23        **The following facts, though not admitted, will not be contested at trial**

24  **by evidence to the contrary:**  There is no agreement amongst the parties as to

25  facts, though not admitted, will not be contested at trial.

26  //

27  //

28  //

# V.  ISSUES OF FACT

**The following are the issues of fact to be tried and determined at trial.**

**A.     Plaintiff Candy Torres's statement of issues of fact to be tried**

***First Claim:  Fair Housing Act***

1.     Whether between September 27, 2018 and April 8, 2019, defendant Allan Rothstein committed discriminatory housing practices, namely:

a.     Whether Rothstein asked Torres for a sexual favor in connection with the rental of the Wedgebrook House.

b.     Whether Rothstein conditioned renting the Wedgebrook House on Torres's response to sexual harassment.

c.     Whether Rothstein required Torres to sign the Direct Consent form as a condition for renting the Wedgebrook House.

d.     Whether Rothstein's request for a sexual favor or the Direct Consent form was unwelcome to Torres.

e.     Whether the request for a sexual favor or Direct Consent form was explicitly or implicitly made a condition related to the rental of the Wedgebrook house or the terms of rental.

f.     Whether an ordinary reader would find the Direct Consent form or request for a sexual favor to indicate a preference, limitation, or discrimination based on sex in connection with the rental of housing.

g.     Whether Rothstein conditioned the terms and conditions of Candy Torres's rental of the Wedgebrook House, or denied or limited services or facilities in connection with that rental, based on her response to harassment because of sex or because she refused to provide sexual favors.

h.     Whether Allan Rothstein subjected Candy Torres to harassment because of sex that had the effect of imposing different terms, conditions, or privileges relating to the rental of the Wedgebrook House.

-15-

i.      Whether Allan Rothstein represented to Candy Torres that a unit may be unavailable because of her response to a request for a sexual favor or other harassment because of sex.

j.      Whether Rothstein threatened, intimidated or interfered with Candy Torres in her enjoyment of a dwelling because of her sex.

k.      Whether Allan Rothstein created a hostile environment for Candy Torres based on sex.

2.      Whether Candy Torres was injured between September 27, 2018 and April 8, 2019, by discriminatory housing practices committed by Rothstein, as set forth above.

3.      The amount of compensatory damages to be awarded to Torres.

4.      Whether Rothstein acted with reckless disregard of Torres's federally protected Fair Housing Act rights.

5.      The amount of punitive damages to be awarded to Torres against Rothstein.

### *Second Claim:  Wrongful Eviction*

1.      Whether between September 27, 2018 and April 8, 2019, defendant Allan Rothstein threatened or attempted to wrongfully evict Candy Torres from her dwelling by making false claims regarding the nonpayment of rent by Torres based on excessive, unlawful, or unauthorized fees or utility costs, a bogus accounting of rents paid, unconscionable and unlawful lease provisions, a refusal to accept tender of rent, or terms that violated the terms of Torres's Section 8 housing contract, or for a retaliatory motive.

2.      Whether Candy Torres should be awarded damages for the threatened and attempted wrongful eviction.

### *Third Claim:  Deceptive Trade Practices*

1.      Whether between September 27, 2018 and April 8, 2019, defendant Allan Rothstein willfully committed deceptive trade practices, including:

1        a.     Requiring Torres to execute an agreement providing for the

2    exculpation or limitation of liability of a landlord or for indemnity;

3        b.     Requiring Torres to execute a second lease that did not comply with

4    her Section 8 housing contract and which knowingly misrepresented

5    Torres's legal rights, obligations, or remedies; or,

6        c.     Knowingly failed to disclose in writing to Torres that the

7    Wedgebrook House was the subject of any foreclosure proceedings.

8        23.    Whether Candy Torres should be awarded damages for the deceptive

9    trade practices.

10    **B.**    **Defendant Allan Rothstein's statement of  issues of fact to be tried**

11    1.    Whether Mr. Rothstein propositioned Ms. Torres.

12    2.    Whether Mr. Puntney approved Ms. Torres tenancy.

13    3.    Whether Mr. Rothstein was acting in the course and scope of his

14    employment when he provided the Consent to Sex form to Ms. Torres.

15    4.    Whether Mr. Puntney approved Ms. Torres to occupy the

16    Wedgebrook house prior to the execution of a lease.

17    5.    Whether Ms. Torres was ever denied housing by Mr. Rothstein for

18    any reason.

19    6.    Whether Ms. Torres' by her conduct waived any claims against Mr.

20    Rothstein.

21    7.    Whether Ms. Torres suffered any personal injury in the form of

22    emotional distress.

23    8.    Whether Ms. Torres was damaged in any way.

24    9.    Whether Ms. Torres violated the lease pursuant to her conduct,

25    waiving any protection therefrom.

26    10.    Whether Ms. Torres, by her conduct, waived any protections of the

27    law.

28

11.     Whether Ms. Torres acting with others, lied or perjured herself when her instant complaint was written and filed without her review, knowledge or approval.

12.     Whether Mr. Rothstein was justified in providing all forms to Ms. Torres, to prevent him from injury due to unwelcome advances by her as a person legally defined under NAC section 441A.777  and NRS section 441A.120 by virtue of the fact that her husband was her pimp.

13.     Whether Ms. Torres, contrived all allegations after the fact in order to use Defendant Rothstein and Defendant Puntney as the source for the payment of her order of restitution pursuant to her guilty plea to Attempted Burglary in 8th Judicial District Court case number C-20-349830-1.

14.     Whether Ms. Torres knew or should have known that Defendant Rothstein had and has dementia.

**C.      Defendant Kyle Puntney's statement of  issues of fact to be tried**

1.     Whether Mr. Puntney had any knowledge of Mr. Rothstein's alleged solicitation of sex from Ms. Torres.

2.     Whether Mr. Puntney had any knowledge of the existence of Mr. Rothstein's Consent for Sex form, its submittal to Ms. Torres, and Ms. Torres' execution of the form

3.     Whether Mr. Puntney had any knowledge of Mr. Rothstein's and Ms. Torres' contractual agency relationship.

4.     Whether Mr. Rothstein was acting in the course and scope of his employment when he propositioned Ms. Torres.

5.     Whether Mr. Rothstein was acting in the course and scope of his employment when he took on his representation of Ms. Torres.

6.     Whether Mr. Rothstein was acting in the course and scope of his employment when he provided the Consent to Sex form to Ms. Torres.

7.     Whether Mr. Rothstein was acting in the course and scope of his

-18-

employment when he allowed Ms. Torres to occupy the Wedgebrook house prior to the execution of a lease.

8.   Whether Mr. Rothstein propositioned Ms. Torres.

9.   Whether Ms. Torres was ever denied housing by Mr. Rothstein for any reason.

10.   Whether Mr. Rothstein propositioned Ms. Torres at the time and for the reasons alleged in her Complaint versus the time alleged in Ms. Torres' deposition.

11.   Whether Ms. Torres was ever in fear of an assault or touching by Mr. Rothstein

12.   Whether Ms. Torres' by her conduct waived any claims against Mr. Puntney.

13.   Whether Ms. Torres suffered any personal injury in the form of emotional distress.

14.   Whether Ms. Torres was damaged in any way.

## VI.   ISSUES OF LAW

**The following are the issues of law to be to be tried and determined at trial.**

### A.   Plaintiff Candy Torres's issues of law to be tried[1]

#### First Claim:   Fair Housing Act

1.   Whether between September 27, 2018 and April 8, 2019, defendant Allan Rothstein committed discriminatory housing practices, namely:

a.   Whether Allan Rothstein conditioned the availability of a dwelling, including the price, qualification criteria, or standards or

---

[1]On December 26, 2020, the Court granted partial summary judgment in favor of Torres on (1) Kyle Puntney's affirmative defense based on lack of knowledge or authorization, and (2) Allan Rothstein's affirmative defense of waiver "to the extent that it is based on a liability release form."  (ECF 115 at 12-14.)

procedures for securing the dwelling, on Candy Torres's response to harassment because of sex in violation of 42 U.S.C. § 3604(a); 24 C.F.R. § 100.60(b)(6).

b.     Whether Allan Rothstein denied or limited services or facilities in connection with the rental of a dwelling, because Candy Torres failed or refused to provide sexual favors in violation of 42 U.S.C. § 3604(b); 24 C.F.R. § 100.65(b)(5).

c.     Whether Allan Rothstein conditioned the terms, conditions, or privileges relating to the rental of a dwelling, or denying or limiting the services or facilities in connection therewith, on Candy Torres's response to harassment because of sex in violation of 42 U.S.C. § 3604(b); 24 C.F.R. § 100.65(b)(6).

d.     Whether Allan Rothstein subjected Candy Torres to harassment because of sex that had the effect of imposing different terms, conditions, or privileges relating to the rental of a dwelling or denying or limiting service or facilities in connection with the rental of a dwelling in violation of 42 U.S.C. § 3604(b); 24 C.F.R. § 100.65(b)(7).

e.     Whether Allan Rothstein expressed to prospective renters or renters or any other persons a limitation on any renter because of sex of such persons in violation of 42 U.S.C. § 3604(c); 24 C.F.R. § 100.75.

f.     Whether Allan Rothstein represented to Candy Torres that a unit may be unavailable because of her response to a request for a sexual favor or other harassment because of sex in violation of 42 U.S.C. § 3604(d); 24 C.F.R. § 100.80(b)(6).

g.     Whether Allan Rothstein coerced a person, either orally, in writing, or by other means, to deny or limit the benefits provided that

person in connection with the rental of a dwelling of sex in violation

of 42 U.S.C. § 3617; 24 C.F.R. § 100.400(c)(1).

h.       Whether Allan Rothstein threatened, intimidated or interfered

with Candy Torres in her enjoyment of a dwelling because of her sex

in violation of 42 U.S.C. § 3617; 24 C.F.R. § 100.400(c)(2).

i.       Whether Allan Rothstein engaged in quid pro quo harassment

of Candy Torres  in violation of 24 C.F.R. § 100.600(a)(1).

j.       Whether Allan Rothstein engaged in hostile environment

harassment of Candy Torres in violation of 24 C.F.R. § 100.600(a)(2).

2.       Whether Candy Torres was injured by any discriminatory housing

practices committed by Allan Rothstein.

3.       The amount of compensatory damages, if any, to be awarded plaintiff

Candy Torres pursuant to the Fair Housing Act, 42 U.S.C. § 3613(c).

4.       Whether Allan Rothstein acted with reckless disregard of Torres's

federally protected rights, entitling Torres to an award of punitive damages against

him, and the amount to be awarded pursuant to the Fair Housing Act, 42 U.S.C. §

3613(c).

5.       The nature and scope of equitable and declaratory relief, if any, to be

ordered by the Court pursuant to the Fair Housing Act, 42 U.S.C. § 3613(c).

6.       The amount of attorneys' fees and costs to be awarded by the Court

pursuant to the Fair Housing Act, 42 U.S.C. § 3613(c)(2).

### ***Second Claim:  Wrongful Eviction***

1.       Whether between September 27, 2018 and April 8, 2019,defendant

Allan Rothstein threatened or attempted to wrongfully evict Candy Torres from

her dwelling by:

a.       Falsely claiming the nonpayment of rent by Torres based on excessive

and unlawful fees and charges in violation of NRS § 118A.210(4)(a);

b.       Falsely claiming the nonpayment of rent by Torres based on

1    unauthorized fees and charges in violation of NRS §§ 118A.210(4),

2    118A.320(2) and 118A.350;

3    c.    Falsely claiming the nonpayment of rent by Torres based on unlawful

4    imposition of utility costs in violation of the HUD HAP contract and

5    NRS §§ 118A.320(1)(f) and 118A.350;

6    d.    Falsely claiming the nonpayment of rent by Torres based on bogus

7    and fraudulent accounting of monies paid by Torres in violation of

8    NRS §§ 118A.250 and 118A.350;

9    e.    Falsely claiming the nonpayment of rent by Torres based on

10   unconscionable and unlawful provisions in the November 23, 2018

11   rental agreement in violation of NRS § 118A.230 and HUD's HAP

12   contract;

13   f.    Falsely claiming the nonpayment of rent by Torres based on unlawful

14   attempt to increase the monthly rent rate in violation of NRS

15   118A.300 and the HUD HAP contract;

16   g.    Falsely claiming the nonpayment of rent by Torres based on

17   Rothstein's unlawful refusing to accept tender of full payments of

18   rent in violation of NRS §§ 118A.390 and 118A.490;

19   h.    Falsely claiming the nonpayment of rent by Torres based on

20   Rothstein's refuse to deliver possession of the Wedgebrook house in

21   accordance with HAP agreement in violation of NRS §118A.370;

22   and,

23   i.    Falsely claiming the nonpayment of rent by Torres based on

24   retaliation in violation of NRS § 118A.510.

25   2.    Whether Candy Torres should be awarded damages or other relief

26   pursuant to NRS §§ 118A.220(2), 118A.350(1)(b), 118A.370(3), or 118A.510(3).

27   ***Third Claim:  Deceptive Trade Practices***

28

1.     Whether between September 27, 2018 and April 8, 2019, defendant Allan Rothstein committed consumer fraud, NRS §§ 598.0915-598.0925, in violation of NRS § 41.600, by willfully committing any of the following deceptive trade practices:

     a.     Requiring execution of an agreement as a condition of rental of a dwelling that provided for "the exculpation or limitation of any liability of the landlord arising under law or to indemnify the landlord for that liability or the costs connected therewith if the liability is based upon an act or omission of the landlord or any agent or employee of the landlord" in violation of NRS § 118A.220(1)(d) and public policy, NRS § 118A.220(2);

     b.     Requiring execution of a second, HAP-noncompliant lease agreement as a condition of a dwelling that "[k]nowingly misrepresents the legal rights, obligations or remedies of a party to a transaction" in violation of NRS § 598.092([8]); and,

     c.     Knowing failure to "disclose in writing to a prospective tenant if the property to be leased or rented is the subject of any foreclosure proceedings" in violation of NRS 118A.275(1).

2.     Whether Candy Torres should be awarded compensatory damages or other relief pursuant to NRS § 41.600(3), including reasonable attorneys' fees and costs.

**B. Defendant Allan Rothstein's Issues of Fact to be Tried**

1.     Whether NRS section 118A.220 limits any recovery of Plaintiff to her actual damages.

2.     Whether NRS section 118A.230 operates to limit Plaintiff's recovery to voiding the offending parts of the lease agreement and nothing further.

3.     Whether the lack of written notice provided to Defendant Rothstein precludes any recovery for Plaintiff pursuant to NRS section 118A.350(4).

1        4.     Whether Rothstein and Puntney exercised due diligence regarding

2    how Plaintiff was treated and the lack of notice she made, so as to preclude any

3    damages to Plaintiff because the landlord is not liable for damages, pursuant to

4    NRS section 118A.370.

5        5.     Whether Rothstein and Puntney complied with the rental agreement

6    and maintained the dwelling unit in a habitable condition as required by this

7    chapter so as to preclude Plaintiff's recovery pursuant to NRS section

8    118A.510(3).

9        6.     If the court finds that a discriminatory housing practice has occurred

10   or is about to occur, whether the court may award to the plaintiff actual and

11   punitive damages, against a person who is incapable of doing the acts alleged

12   and/or in the future cannot have the cognitive ability to do such alleged actions,

13   pursuant to 42 USC section 3613 et seq.

14       7.     Whether Defendant Rothstein, in this civil action under subsection

15   (a), the court, in its discretion, may allow him, if he were to be found to be the

16   prevailing party, a reasonable attorney's fee and costs, pursuant to 42 USC section

17   3613 et. seq.

18       8.     Whether by instituting this action, Plaintiff instituted and continued

19   with this action for a wrongful purpose or an ulterior motive against Rothstein, in

20   violation of *Bull v McCusky*, 96 Nev. 706 (1980).

21       9.     Whether by continuing to pursue discovery against unrelated persons,

22   institutions and relatives, and used this case as a method not in legitimate

23   recovery, but to pay off her restitution in her criminal conviction, Plaintiff

24   conducted some further act after issuance of process representing the perversion of

25   the legitimate use of process, in violation of *Bull v McCusky*, 96 Nev. 706 (1980).

26   **C. Defendant Kyle Puntney's Issues of Fact to be Tried**

27       1.     Whether Mr. Rothstein was acting in the course and scope of his

28   employment when he propositioned Ms. Torres.

2.      Whether Mr. Rothstein was acting in the course and scope of his employment when he took on his representation of Ms. Torres.

3.      Whether Mr. Rothstein was acting in the course and scope of his employment when he provided the Consent to Sex form to Ms. Torres.

4.      Whether Mr. Rothstein was acting in the course and scope of his employment when he allowed Ms. Torres to occupy the Wedgebrook house prior to the execution of a lease.

5.      Whether Ms. Torres was ever denied housing by Mr. Rothstein for any reason.

6.      Whether Ms. Torres' by her conduct waived any claims against Mr. Puntney.

7.      Whether Ms. Torres suffered any personal injury in the form of emotional distress.

8.      Whether Ms. Torres was damaged in any way.

## VII.   EXHIBITS

(a)      The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:  N/A.

(b)      As to the following exhibits, the party against whom the same will be offered objects to their admission on the grounds stated:

### (1)      Plaintiff Candy Torres's Exhibits

| Exh | Description | Plaintiff's Objections to Rothstein's Use of Exhibit as Evidence |
|-----|-------------|------------------------------------------------------------------|
| 03 | Redfin.com profile of 11893 Wedgebrook (Page 1 only) Depo. Exh. 3 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |

| Exh | Description | Plaintiff's Objections to Rothstein's Use of Exhibit as Evidence |
|---|---|---|
| 05 | Residential Property Management Agreement dated 07/30/10 (PUNT00001—PUNT0016) Depo. Exh. 5 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 As to Rothstein's use of his own statements therein, Fed. R. Evid. 801-802 |
| 09 | Email from Puntney to Rothstein and payment records from Rothstein to Puntney dated 2014 (ROTH0032—ROTH0036) Depo. Exh. 9 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 10 | Emails dated 4/13/16 to 4/15/16 between Puntney and Rothstein re HOA meeting (PUNT00121—PUNT00123) Depo. Exh. 10 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 11 | Emails between Puntney and Rothstein dated 02/15/2018 re 1099 Form (PUNT00185—PUNT00188) Depo. Exh. 11 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 12 | Emails between Rothstein and Puntney dated 6/8/2017 re carpet replacement (PUNT00140—00141) Depo. Exh. 12 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 13 | Property management statement from Rothstein to Puntney dated 11/8/2017 (PUNT00177—PUNT00178) Depo. Exh. 13 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 14 | Emails between Puntney and Rothstein re HOA fine dated 5/25/17 to 5/30/17 (PUNT00134—PUNT00136) Depo. Exh. 14 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |

-26-

| Exh | Description | Plaintiff's Objections to Rothstein's Use of Exhibit as Evidence |
|---|---|---|
| 15 | 10-Day Demand from Rachel Douglas to Rothstein dated 07/17/17 (ROTH0047) Depo. Exh. 15 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 17 | Emails between Rothstein and Puntney dated 9/13/17 to 2/16/18 re property management ledgers (PUNT00189—PUNT00190) Depo. exh. 17 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 18 | Emails between Rothstein and Puntney re property management ledgers dated 09/13/17 – 03/10/18 (PUNT00196) Depo. Exh. 18 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 19 | Email from Rothstein to Puntney with August property management statement dated 08/20/18 (PUNT00237—PUNT00238) Depo. Exh. 19 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 21 | Email from Rothstein to Puntney with September property management statement dated 09/21/18 (PUNT00261—PUNT00262) Depo. Exh. 21 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 22 | Emails between Rothstein and Puntney re utilities at 11893 Wedgebrook dated 09/26/18 (PUNT00263—PUNT00264) Depo. Exh. 22 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 23 | MLS listing of 11893 Wedgebrook (ROTH00233) Depo. Exh. 23 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 24 | Emails between Rothstein and Puntney re Wedgebrook foreclosure dated 09/04/18 – 09/06/18 (PUNT00243—PUNT00244) Depo. Exh. 24 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |

| Exh | Description | Plaintiff's Objections to Rothstein's Use of Exhibit as Evidence |
|---|---|---|
| 25 | Email from Rothstein to Puntney re Wedgebrook foreclosure 09/19/2018 (PUNT00256) Depo. Exh. 25 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 26 | Deposit Receipt dated 10/09/18 (ROTH00495) Depo. Exh. 26 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 27 | Emails from Rothstein to Puntney re letter confirming property management agreement 10/12/18 – 10/13/18 (PUNT00279) Depo. Exh.27 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 28 | Emails between Puntney and Rothstein confirming property management agreement 10/15/18 (PUNT00282) Depo. Exh.28 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 29 | Emails from Rothstein to Puntney re listing Wedgebrook house 09/13/18 – 10/09/18 (PUNT00268—PUNT00269) Depo. Exh.29 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 30 | Email from Wayneisha Thomas to Rothstein re Candy Torres housing voucher dated 10/24/18 (ROTH00300—ROTH00301) Depo. Exh.30 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 31 | Email from Rothstein to Puntney re Wedgebrook foreclosure dated 10/26/18 (PUNT00287) Depo. Exh.31 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 32 | Emails between Rothstein and Puntney re Section 8 dated 10/27/18 (PUNT00288) Depo. Exh.32 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |

| Exh | Description | Plaintiff's Objections to Rothstein's Use of Exhibit as Evidence |
|---|---|---|
| 33 | Torres Residential Lease Agreement for 11893 Wedgebrook dated 11/23/18 (PUNT00017—PUNT00033) Depo. Exh.33 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 34 | Housing Authority documents dated 08/20/18 – 11/17/18 and undated lease agreement (ROTH00407 and ROTH00376—ROTH00406) Depo. Exh.34 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 35 | Residential Lease Agreement and attachments dated 11/17/18 – 11/23/18 (ROTH00442—ROTH00464) Depo. Exh.35 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 36 | Release of Liability and Assumption of Risk dated 11/23/18 (ROTH00477—ROTH00478) Depo. Exh.36 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 37 | Emails between Torres and Rothstein re non-functioning appliances at 11893 Wedgebrook dated 11/26/18 (PUNT00290) Depo. Exh.37 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 38 | Indemnity Agreement dated 11/23/18 (ROTH00500) Depo. Exh.38 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 39 | Emails between Rothstein and Housing Authority re Torres paperwork dated 10/30/18 – 12/11/18 (PUNT00291—PUNT00294) Depo. Exh.39 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 40 | Addendum No. 1 to Residential Lease Agreement dated 12/25/18 (PUNT00032) Depo. Exh.40 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |

| Exh | Description | Plaintiff's Objections to Rothstein's Use of Exhibit as Evidence |
|---|---|---|
| 41 | Email from Rothstein to Torres re late charges dated 12/28/18 (ROTH00434) Depo. Exh.41 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 42 | Emails between Rothstein and Torres re late rent charges, ladder dispute, and appliance problems dated 12/28/18 – 01/02/19 (ROTH00119—ROTH00123) Depo. Exh. 42 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 43 | Rent Receipt Agreement dated 12/30/18 (ROTH00245) Depo. Exh.43 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 44 | Email from Rothstein to Puntney with December-January property management statement dated 01/13/19 (PUNT00295—PUNT00296) Depo. Exh.44 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 45 | Email from Rothstein to Torres re late rent charges dated 01/13/19 (ROTH00252) Depo. Exh.45 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 46 | Rent Receipt Agreement dated 01/13/19 (ROTH00506) Depo. Exh.46 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 47 | Emails between Rothstein and Torres re rent and utility payment dispute dated 01/13/19 – 01/18/19 (ROTH00583—ROTH00584) Depo. Exh.47 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 48 | Email from Rothstein to Torres re late fees dated 02/08/19 (ROTH00126) Depo. Exh.48 | |

| Exh | Description | Plaintiff's Objections to Rothstein's Use of Exhibit as Evidence |
|---|---|---|
| 49 | Torres's Affidavit/Answer in Opposition to Summary Eviction Regarding Nonpayment of Rent 02/15/19 (ROTH0075—ROTH0087) Depo. Exh.49 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 50 | Statement assessing late fees against Torres dated 03/02/19 (ROTH00504) Depo. Exh.50 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 51 | March 2019 Property Management statement from Rothstein to Puntney (ROTH0028) Depo. Exh. 51 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 52 | Email from Rothstein to Puntney dated 04/22/19 with April property management statement (PUNT00307) Depo. Exh. 52 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 56 | Direct Consent for Sexual Intercourse and or Fellatio or Cunnilingus (PUNT00030—PUNT00031) Depo. Exh.56 | |
| 66 | Text messages between Rothstein and Puntney (PUNT00524—PUNT00548 only) Depo. Exh.66 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 68 | Google Maps Aerial Photograph of Rothstein residence Depo. Exh.68 | |
| 69 | Document Entitled "Sexual Remark or Sexual Statement" Depo. Exh.69 | |
| 70 | Document Entitled "Sexual Conduct" Depo. Exh.70 | |
| 71 | Document Entitled "NRS 645.030 'Real Estate Broker' Defined" Depo. Exh.71 | |

| Exh | Description | Plaintiff's Objections to Rothstein's Use of Exhibit as Evidence |
|---|---|---|
| 72 | Document Entitled "NRS 645.013 'Designated Property Manager' Defined" Depo. Exh.72 | |
| 73 | Exclusive Broker Representation Agreement for Buyer, Seller, Leasee, Leasor between Rothstein and Torres dated 09/27/19 Depo. Exh.73 | |
| 75 | NRS 118A.200 statute text Depo. Exh.75 | |
| 76 | NRS 118A.275 statute text Depo. Exh.76 | |
| 84 | Email from Rothstein to Torres with blank rental application dated 09/27/18 (ROTH00574—ROTH00580) Depo. Exh.84 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 85 | Rental application filled out by Torres dated 09/27/18 (CT 92 – CT 98) Depo. Exh.85 | |
| 87 | Emails between Torres and Puntney re urgent matter dated 10/25/18 – 10/28/18 Depo. Exh.87 | |
| 89 | Note written by Torres re finding 11893 Wedgebrook dated 9/27/18 (ROTH00232) Depo. Exh.89 | |
| 90 | Notarized letter from Torres re not using Janine Yannis as realtor dated 10/02/18 (ROTH00226) Depo. Exh.90 | |
| 91 | Exclusive Broker Representation Agreement executed by Torres and Rothstein dated 09/29/18 (ROTH00468—ROTH00470) Depo. Exh.91 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 92 | Duties Owed by a Nevada Real Estate Agent form, executed by Rothstein and Torres | As to Rothstein's use of his own statements |

| Exh | Description | Plaintiff's Objections to Rothstein's Use of Exhibit as Evidence |
|---|---|---|
| | dated 09/27/18 (ROTH00467) Depo. Exh.92 | therein for truth of assertions, Fed. R. Evid. 801-802 |
| 93 | Emails between Housing Authority and Rothstein re Torres Housing Assistance Payment dated 10/24/18 – 10/30/18 Depo. Exh.93 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 96 | Torres rent receipts (pp. 1-10 only) Depo. Exh.96 | |
| 97 | NRS 118A.210 re Rental Agreements (1 pg.) Depo. Exh.97 | |
| 98 | Emails between Rothstein and Torres (ROTH00112—ROTH0126) Depo. Exh.98 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 99 | Emails between Rothstein and Torres (ROTH00589 -- ROTH00592) Depo. Exh. 99 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 101 | Five-Day Notice to Pay Rent or Quit dated February 13, 2019 (2 pages) Depo. Exh.101 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 102 | Landlord's Affidavit/Complaint for Summary Eviction for Nonpayment of Rent, Case 19E003909, Rothstein v Torres, dated March 13, 2019 (3 pages) Depo. Exh.102 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 200 | Certified copy of Notice of Default recorded by Clark County Recorder 8/14/2018 (filed at ECF 68-5 pp. 29-37 of 72) | |

| Exh | Description | Plaintiff's Objections to Rothstein's Use of Exhibit as Evidence |
|---|---|---|
| 201 | Certified copy of Notice of Rescission recorded by Clark County Recorder 11/2/2018 (filed at ECF 68-5 pp. 39-41 of 74) | |
| 202 | Tenant's Affidavit/Answer in Opposition to Summary Eviction Regarding Nonpayment of Rent Case 19E003909, Rothstein v Torres, dated 2/15/2019 (14 pages) (ECF 80-1) | |
| 203 | Defendant Kyle Puntney's Answers to First Request for Admissions served 2/21/20 | |
| 204 | Defendant Kyle Puntney's Answers to First Set of Interrogatories served 11/12/2019 | |
| 205 | Defendant Allan Rothstein's Response to Plaintiff's First Request for Admissions, Etc. served 1/21/2020 | |
| 206 | Defendant Allan Rothstein's Responses and Objections to Plaintiff's First Set of Interrogatories (Nos. 1-9) served 9/20/2019 | |
| 207 | Defendant Allan Rothstein's Amended Responses and Objections to Plaintiff's First Set of Interrogatories (Nos. 1-9) served 12/7/2019 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 208 | Defendant Allan Rothstein's Responses and Objections to Plaintiff's Second Set of Interrogatories (Nos. 12-13) served 9/20/2019 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 209 | Communications between Rothstein and Torres (CT 1-26) | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 210 | Communications between SNRHA and Torres re HCV (CT 45-52) | |

| Exh | Description | Plaintiff's Objections to Rothstein's Use of Exhibit as Evidence |
|-----|-------------|---|
| 211 | Payment by Torres to Rothstein (CT 77) | |
| 212 | Nevada Energy Statement (CT 73-76) | |
| 213 | Torres rental agreement docs (CT 85-152) | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 214 | Torres temporary housing records (CT153-158) | |
| 215 | Rothstein Nevada Real Estate Dept records (CT 159-168) | |
| 216 | Direct Consent for Sexual Intercourse: Form and Search Logic for retrieval from internet (CT 173-176) | |
| 217 | Documents re former tenant Rachel Douglas's tenancy at Wedgebrook house (CT 207-208) | |
| 218 | Documents regarding former tenant Heidi Foreman-Toney's tenancy at property managed by Rothstein (CT 209-213) | |
| 219 | Rothstein Chase Bank records re account #xxx1136 from 12/7/2017 to 1/7/2020 (pp. 190-662) obtained via subpoena | |
| 220 | Rothstein Clark County assessor records | |
| 221 | Rothstein Nye County real estate records | |
| 222 | Kelli Freund Tenant File (AR 01255-01294) | |
| 223 | Rachel Douglas lease (AR 1737-1745) | |
| 224 | Nevada Real Estate Division letter of caution to Allan Rothstein dated 6/6/2014 (AR 00833-00855) | |
| 225 | Nevada Real Estate Division Notice of | |

| Exh | Description | Plaintiff's Objections to Rothstein's Use of Exhibit as Evidence |
|---|---|---|
| | Violation re Allan Rothstein dated 7/16/2014 (AR 00348-00355) | |
| 226 | Nevada Real Estate Division Notice of Violation re Allan Rothstein dated 5/7/2014 (AR 00282-00283) | |
| 227 | Rothstein realtor.com listings 12/2020 (ECF 120-7) | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 228 | Rothstein RE web listing (vivahomevegas.com 3/2021) | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 229 | Rothstein RE web listings (home.com 3/2021) | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 230 | Rothstein RE web listings (vegasdata.com 2021) | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 231 | Rothstein website printout 12/2020 (ECF 120-8) | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 230 | Rothstein website printout 3/2021 | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |

| Exh | Description | Plaintiff's Objections to Rothstein's Use of Exhibit as Evidence |
|---|---|---|
| 231 | Dave Martinez – Allan Rothstein emails (AR 1256, 1260, 1287, 1291) | As to Rothstein's use of his own statements therein for truth of assertions, Fed. R. Evid. 801-802 |
| 232 | Turner lease (AR 943) | |
| 233 | W-9 Property Search Vegas LLC (AR 1992) | |
| 234 | Gisendaner document (AR 739) | |
| 235 | Silva lease cancellation (AR 2092) | |

### (2)   Defendant and Cross-Defendant Allan Rothstein's Exhibits

| Exhibit | Description | Torres Objections |
|---|---|---|
| 01 | Plaintiff Candy Torres' Complaint filed as Document No. 1 on April 19, 2019 | FRE 401-403, 701-702. |
| 40 | Addendum No. 1 to Residential Lease Agreement, Bates Stamped No. PUNT00032. Deposition Exhibit No. 40 | FRE 801-802 |
| 59 | September 18, 2019 Email Thread Re 11893 Westbrook Street – Notice to Vacate, Bates Stamped No. PUNT00483. Deposition Exhibit No. 59 | FRE 401-403, 404, 801-802. This evidence post-dates the scope of the events and damages at issue in this case which ceased as of April 4, 2019. (ECF 76, ¶¶ 1, 54, 59-67.) |
| 73 | Exclusive Broker, Representation Agreement for Buy, Seller, Leasee, Leasor, Bates Stamped No. CT100. Deposition Exhibit No. 73 | FRE 801-802 |
| 82 | Water Heater pictures and specifications. Deposition Exhibit No. 82 | FRE 401-403, 404, 801-802. This evidence post-dates the scope of the events and damages at issue in this case which ceased as of April 4, 2019. (ECF 76, ¶¶ 1, 54, 59-67.) |

| Exhibit | Description | Torres Objections |
|---|---|---|
| 83 | August 14, 2019 Letter to Mr. Puntney re Swat Team at 11893 Wedgebrook Street, Bates Stamped No. ROTH00537. Deposition Exhibit No. 83 | FRE 401-403, 404, 602, 801-802.  This evidence post-dates the scope of the events and damages at issue in this case which ceased as of April 4, 2019.  (ECF 76, ¶¶ 1, 54, 59-67.) |
| 84 | Duties Owned by a Nevada Real Estate License, Bates Stamped No. 00457. Deposition Exhibit Nos. 88 | FRE 801-802 |
| 104 | Duties Owned by a Nevada Real Estate License, Bates Stamped No. 00457. Deposition Exhibit Nos. 88 | FRE 801-802 |
| A | Candy Torres' Guilty Plea Agreement. Filed as Document No. 106-2 on December 22, 2020 | FRE 401-403, 404, 609, 801-802, 901-902.  This evidence post-dates the scope of the events and damages at issue in this case which ceased as of April 4, 2019.  (ECF 76, ¶¶ 1, 54, 59-67.) |
| B | Court Minutes re Candy Torres' Sentencing. Filed as Document No. 106-1 on December 15, 2020 | FRE 401-403, 404, 609, 801-802, 901-902.  This evidence post-dates the scope of the events and damages at issue in this case which ceased as of April 4, 2019.  (ECF 76, ¶¶ 1, 54, 59-67.) |

Rothstein also includes the exhibits on Plaintiff's Exhibit List.  Plaintiff's objections to Rothstein's use of those exhibits are set forth above.

**(3)    Defendant and Cross-complainant Kyle Puntney's Exhibits**

| Exhibit | Description | Torres Objections |
|---|---|---|
| 01 | Plaintiff Candy Torres' Complaint filed as Document No. 1 on April 19, 2019 | FRE 401-403, 701-702. |
| 40 | Addendum No. 1 to Residential Lease Agreement, Bates Stamped No. PUNT00032. Deposition Exhibit No. 40 | FRE 801-802 |

| Exhibit | Description | Torres Objections |
|---|---|---|
| 59 | September 18, 2019 Email Thread Re 11893 Westbrook Street – Notice to Vacate, Bates Stamped No.  PUNT00483. Deposition Exhibit No. 59 | FRE 401-403, 404, 801-802.  This evidence post-dates the scope of the events and damages at issue in this case which ceased as of April 4, 2019.  (ECF 76, ¶¶ 1, 54, 59-67.) |
| 73 | Exclusive Broker, Representation Agreement for Buy, Seller, Leasee, Leasor, Bates Stamped No. CT100. Deposition Exhibit No. 73 | FRE 801-802 |
| 82 | Water Heater pictures and specifications. Deposition Exhibit No. 82 | FRE 401-403, 404, 801-802.  This evidence post-dates the scope of the events and damages at issue in this case which ceased as of April 4, 2019.  (ECF 76, ¶¶ 1, 54, 59-67.) |
| 83 | August 14, 2019 Letter to Mr. Puntney re Swat Team at 11893 Wedgebrook Street, Bates Stamped No. ROTH00537. Deposition Exhibit No. 83 | FRE 401-403, 404, 602, 801-802.  This evidence post-dates the scope of the events and damages at issue in this case which ceased as of April 4, 2019.  (ECF 76, ¶¶ 1, 54, 59-67.) |
| 84 | Duties Owned by a Nevada Real Estate License, Bates Stamped No. 00457. Deposition Exhibit Nos. 88 | FRE 801-802 |
| 104 | Duties Owned by a Nevada Real Estate License, Bates Stamped No. 00457. Deposition Exhibit Nos. 88 | FRE 801-802 |
| A | Candy Torres' Guilty Plea Agreement. Filed as Document No. 106-2 on December 22, 2020 | FRE 401-403, 404, 609, 801-802, 901-902.  This evidence post-dates the scope of the events and damages at issue in this case which ceased as of April 4, 2019.  (ECF 76, ¶¶ 1, 54, 59-67.) |

| Exhibit | Description | Torres Objections |
|---------|-------------|-------------------|
| B | Court Minutes re Candy Torres' Sentencing. Filed as Document No. 106-1 on December 15, 2020 | FRE 401-403, 404, 609, 801-802, 901-902.  This evidence post-dates the scope of the events and damages at issue in this case which ceased as of April 4, 2019.  (ECF 76, ¶¶ 1, 54, 59-67.) |

 

 

(c)     **Electronic evidence:   Not applicable.**

(d)     **Depositions:**

(1)     Plaintiff Candy Torres may offer the following depositions:

| Deposition of Allan Rothstein, Vol. 1 |
|---|
| **Page:lines** |
| 12:6-8 |
| 13:21 - 14:11 |
| 14:17 - 15:2 |
| 15:8-16 |
| 15:20 - 16:1 |
| 17:2-5 |
| 17:9-14 |
| 19:22 - 20:11 |
| 21:2-4 |
| 21:21-23 |
| 22:3-10 |
| 23:24 - 24:7 |
| 29:16 - 30:5 |
| 39:21 - 40:3 |
| 41:12-15 |
| 43:12 - 20 |
| 43:25 - 44:22 |

-40-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Deposition of Allan Rothstein, Vol. 1 |
|---|
| **Page:lines** |
| 45:3 - 46:16 |
| 49:3-14 |
| 50:16 - 51:2 |
| 51:19-25 |
| 60:14-22 |
| 66:22 - 67:16 |
| 68:22 - 69:9 |
| 70:6-20 |
| 71:14 - 74:17 |
| 75:14-21 |
| 75:25 - 78:19 |
| 82:23 - 83:2 |
| 83:5-11 |
| 84:16 - 85:18 |
| 88:12-14 |
| 88:19 - 89:6 |
| 90:7-18 |
| 90:24 - 91:5 |
| 91:19-23 |
| 92:2-5 |
| 93:2-4, 7, 23 |
| 94:11 - 95:9 |
| 95:16 - 96:2 |
| 97:9-14 |
| 98:14-20 |
| 104:15 - 105:15 |
| 109:17-20 |
| 110:1-8 |

| Deposition of Allan Rothstein, Vol. 1 |
| --- |
| Page:lines |
| 113:7-11 |
| 113:19 - 114:13 |
| 115:14-23 |
| 118:13-19 |
| 123:13 - 124:23 |
| 125:22 - 126:22 |
| 128:22 - 129:16 |
| 130:5-19 |
| 132:6-18 |
| 161:14 - 162:6 |
| 166:18-23 |
| 167:3 - 169:11 |
| 180:16-24 |
| 181:13-23 |
| 182:18 - 183:8 |
| 183:18 - 184:12 |
| 184:19 - 187:21 |
| 187:24 - 190:14 |
| 191:19-25 |
| 192:8 - 193:1 |
| 200:12 - 201:10 |
| 202:5-11 |
| 208:15 - 209:11 |

| Deposition of Allan Rothstein, Vol. 2 |
| --- |
| Page:lines |
| 226:25 - 227:4 |
| 227:10 - 228:1 |
| 229:3-9 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Deposition of Allan Rothstein, Vol. 2 |
|---|
| **Page:lines** |
| 231:17-19 |
| 232:3-9 |
| 234:24 - 235:4 |
| 236:11-17 |
| 236:25 - 237:5 |
| 242:6 - 246:8 |
| 250:6 |
| 250:25 - 251:7 |
| 251:17-25 |
| 252:11-18 |
| 253:11 - 254:3 |
| 267:20 - 268:1 |
| 268:11-15 |
| 268:24 - 270:2 |
| 270:8 - 271:8 |
| 294:12-19 |
| 295:1-23 |
| 296:21 - 297:9 |
| 297:14-17 |
| 301:10 - 302:2 |
| 310:24 - 311:21 |
| 318:4 - 320:2 |

| Deposition of Kyle Puntney |
|---|
| **Page:lines** |
| 30:16 - 32:8 |
| 35:9 - 36:4 |
| 37:2-11 |
| 38:15 - 39:11 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Deposition of Kyle Puntney |
| --- |
| **Page:lines** |
| 40:17 - 42:13 |
| 45:11 - 46:18 |
| 46:25 - 49:18 |
| 50:12 - 51:3 |
| 52:11-14 |
| 53:9-17 |
| 53:22 - 54:5 |
| 54:18-23 |
| 55:17 - 56:2 |
| 56:9-14 |
| 57:11-16 |
| 58:13-14 |
| 58:17 - 59:1 |
| 59:14-15 |
| 59:22 - 60:21 |
| 61:1-6 |
| 63:7-18 |
| 69:23-25 |
| 77:16-19 |
| 80:16 - 81:1 |
| 81:11 - 82:16 |
| 82:20 - 83:9 |
| 83:15 - 84:18 |
| 85:10-23 |
| 88:21 - 90:12 |
| 89:2-90:12 |
| 90:20 - 92:4 |
| 92:7-10 |

| Deposition of Kyle Puntney |
| --- |
| **Page:lines** |
| 92:19-23 |
| 94:21 - 95:8 |
| 96:11-14 |
| 99:16 - 100:8 |
| 105:17 - 106:3 |
| 108:13 - 109:11 |
| 109:14 - 110:10 |
| 112:24 - 113:7 |
| 113:24 - 114:21 |

      (2)     Defendant Allan Rothstein may offer the following depositions:

| Deposition of Candy Torres | Torres's objections |
| --- | --- |
| **Page:lines** | |
| 70:5 – 73:24 | Incomplete excerpt, Fed. R. Evid. 106 |
| 63:9 – 65:25 | Incomplete excerpt, Fed. R. Evid. 106 |
| 56:21 – 59:8 | Incomplete excerpt, Fed. R. Evid. 106 |
| 52:8 – 55:3 | Incomplete excerpt, Fed. R. Evid. 106 |
| 42:11 – 43:20 | Incomplete excerpt, Fed. R. Evid. 106 |
| 27:20 – 36:9 | Incomplete excerpt, Fed. R. Evid. 106 |
| 88:25 – 89:24 | Incomplete excerpt, Fed. R. Evid. 106 |
| 90:12 – 93:17 | Incomplete excerpt, Fed. R. Evid. 106 |

| Deposition of Candy Torres | Torres's objections |
|---|---|
| **Page:lines** | |
| 94:4 – 97:8 | Fed. R. Evid. 106 [incomplete excerpt], 403 [confusing examination], 701-702 [call for legal conclusion] |
| 99:8 – 22 | Fed. R. Evid. 106 [incomplete excerpt], 403 [confusing examination], 701-702 [call for legal conclusion] |
| 115: 18 – 21 | Fed. R. Evid. 401-403, 404, 608 [This examination concerns events that occurred outside the temporal scope of the events at issue in this action, 09/27/2018 - 04/04/2019; it is irrelevant, misleading and lacks any proper evidentiary purpose. (ECF 76, ¶¶ 1, 54, 59-67). |
| 119:1 – 131:25 | Fed. R. Evid. 401-403, 404, 608 [This examination concerns events that occurred outside the temporal scope of the events at issue in this action, 09/27/2018 - 04/04/2019; it is irrelevant, misleading and lacks any proper evidentiary purpose. (ECF 76, ¶¶ 1, 54, 59-67). |
| 140:15 – 142:21 | Fed. R. Evid. 401-403, 404, 608 [This examination concerns events that occurred outside the temporal scope of the events at issue in this action, 09/27/2018 - 04/04/2019; it is irrelevant, misleading and lacks any proper evidentiary purpose. (ECF 76, ¶¶ 1, 54, 59-67). |

| Deposition of Candy Torres | Torres's objections |
|---|---|
| **Page:lines** | |
| 147:17 – 153:12 | Fed. R. Evid. 401-403, 404, 608 [This examination concerns events that occurred outside the temporal scope of the events at issue in this action, 09/27/2018 - 04/04/2019; it is irrelevant, misleading and lacks any proper evidentiary purpose. (ECF 76, ¶¶ 1, 54, 59-67). |
| 156:20 – 170:4 | Fed. R. Evid. 401-403, 404, 608 [This examination concerns events that occurred outside the temporal scope of this case, 09/27/2018 - 04/04/2019, and therefore is irrelevant, misleading and lacks any prroper evidentiary purpose. (ECF 76, ¶¶ 1, 54, 59-67). |
| 175:20 – 176:16 | Fed. R. Evid. 401-403, 404, 608 [This examination concerns events that occurred outside the temporal scope of this case, 09/27/2018 - 04/04/2019, and therefore is irrelevant, misleading and lacks any prroper evidentiary purpose. (ECF 76, ¶¶ 1, 54, 59-67). |
| 192:4 – 240:3 | Fed. R. Evid. 401-403, 404, 608 [This examination concerns events that occurred outside the temporal scope of this case, 09/27/2018 - 04/04/2019, and therefore is irrelevant, misleading and lacks any prroper evidentiary purpose. (ECF 76, ¶¶ 1, 54, 59-67). |
| 249:20 – 250:19 | |
| 263:18 – 271:3 | Incomplete excerpt, Fed. R. Evid. 106 |

(3)     Defendant Kyle Puntney will utilize deposition testimony for cross-examination.

(e)     **Objections to depositions:**

1          (1)  Defendant Rothstein objects to plaintiff's deposition

2    [designations] as follows:   Defendant Rothstein is suffering, had suffered

3    and continues to suffer mental decline and degradation in his ability to

4    recall and testify to dates, events and processes that occurred in the recent

5    and distant past.  As such, Defendant Rothstein's deposition testimony is

6    unreliable.  To the extent it is unreliable, Defendant Rothstein's deposition

7    volumes are inadmissible.

8          (2)  Plaintiff objects to defendant Allan Rothstein's deposition

9    designation as stated above and as follows:  Several designation by

10   Rothstein are overly broad (e.g., 192:4 – 240:3), undermining plaintiff's

11   ability to provide pin-point objections to specific questions or topics;

12   accordingly, plaintiff reserves her right to supplement her objections after

13   defendant Allan Rothstein narrows his deposition designations.

14         (3)  Cross-complainant Puntney objects to depositions as follows:

15   NA.

16

17  **VIII.  WITNESSES**

18     **The following witnesses may be called by the parties at trial (addresses**

19  **have been disclosed in writing to each party):[2]**

20     **(a)**    **Plaintiff Candy Torres's witnesses**.   Torres's list of witnesses,

21    indicating "will call" or "may call" is as follows:

22  ///

23  ///

24  ///

25

26

27

28       [2]The addresses of third-party individuals are not included to protect their privacy.  The parties have exchanged that information in disclosures.

| Name | Address |
|---|---|
| *Parties:  Will Call* | |
| Puntney, Kyle | C/o Puntney's Counsel |
| Rothstein, Allan | C/o Rothstein's counsel |
| Rothstein, Mark | 5040 Park Grove Court, Las Vegas, NV 89120 |
| Torres, Candy | C/o Plaintiff's Counsel |
| Torres, Francisca | Exchanged with counsel |
| *Southern Nevada Regional Housing Authority (SNRHA): Will Call (One of following SNRHA officials, based on availability and turnover; others may be called\*\*)* | |
| Thomas, Wayneisha\*\* | 380 N Maryland Pkwy, Las Vegas, NV 89101 |
| Tadesse, Elias\*\* | 380 N. Maryland Pkwy, Las Vegas, NV  89101 |
| Diaz-Mendez, Robin\*\* | 380 N. Maryland Pkwy, Las Vegas, NV  89101 |
| Seymour, Tanya\*\* | 380 North Maryland Pkway, Las Vegas, NV 89101 |
| *Persons with Knowledge:  May Call* | |
| Campbell, Spencer | C/o Plaintiff's Counsel |
| Dawson, Arleta | Exchanged with counsel |
| Douglas, Rachel | Exchanged with counsel |
| Foreman-Toney, Heidi | Exchanged with counsel |
| Gisendaner, James | Exchanged with counsel |
| Haydukovich, John | Exchanged with counsel |

| | |
|---|---|
| Johnson, Deidra | Exchanged with counsel |
| Leon, Cesar | Exchanged with counsel |
| Matias, Johnnalyn | Exchanged with counsel |
| Martinez, David | Exchanged with counsel |
| Person Most Knowledgeable/ Records Custodian, NV Division of Real Estate | 3300 W Sahara Ave #350, Las Vegas, NV 89102 |
| Person Most Knowledgeable/ Records Custodian, Greater Las Vegas Real Estate Association (GLVAR) | 6360 S. Rainbow Las Vegas, NV 89118 |
| Pieri, Sabrina | Exchanged with counsel |
| Ramirez-Torres, Francisca | Exchanged with counsel |
| Rivas, Armando | Exchanged with counsel |
| Rothstein, June | Exchanged with counsel |
| Swartzwelder -Freund, Keli | Exchanged with counsel |
| Toney, Tyree | Exchanged with counsel |
| Turner, Jessica | Exchanged with counsel |
| Turner, Kristina | Exchanged with counsel |
| *Record Custodians: Call as Needed* | |
| Records Custodian, Chase Bank | TBD |
| Records Custodian, Credit Reporting Company | TBD |
| Records Custodian, Flamingo Suite | 4855 Boulder Highway Las Vegas, NV 89121 |
| Records Custodian, Clark County Recorder | 500 S. Grand Central Pkwy, 2nd Floor Las Vegas, Nevada 89106 |

| | |
|---|---|
| Records Custodian, Wells Fargo Bank | TBD |
| Records Custodian, Loan Servicer | National Default & Servicing Corporation, 7720 N. 16th Street, Suite 300, Phoenix, Arizona 85020 |

Plaintiff reserves the right to call as a witness any person identified by either defendant as well as witnesses for purposes of rebuttal or impeachment.

(b)    **Defendant Allan Rothstein's.** Rothstein's list of witnesses, indicating "will call" or "may call" is as follows:

| Name | Address |
|---|---|
| Candy Torres (will call) | C/o Plaintiff's Counsel |
| Francisca Torres (mother) (will call) | Exchanged with counsel |
| Francisca Torres (sister) (may call) | Exchanged with counsel |
| Antonio Rivas aka Juan Ortiz (will call) | Exchanged with counsel |
| Allan Rothstein (will call) | C/o Rothstein's Counsel |
| Kyle Puntney (will call) | C/o Puntney's Counsel |
| Stewart Torres (will call) | Exchanged with counsel |
| Daniel Valles (will call) | Exchanged with counsel |
| Juan Reyna (will call) | Exchanged with counsel |
| Valerie Reyna (will call) | Exchanged with counsel |
| Wayneisha Thomas (will call) | 380 N Maryland Pkwy, Las Vegas, NV 89101 |
| Robert Jones (may call) | 4809 Frier Ln. Las Vegas, NV |
| Joseph Minnichofar (may call) | unk |
| James Grayson | unk |
| Alexandro Valencia | unk |

| Name | Address |
|---|---|
| Brandi Welch Esparza | |
| James Grayson | |
| Brian | |
| Dr. Winkler | Desert Preventative & Diagnostic Medicine 10001 South Eastern Avenue, Ste. 402, Henderson, NV 89052 |
| Plaintiff's witnesses not previously listed | |

**(c)      Defendant Kyle Puntney's witnesses.**   Puntney's list of witnesses, indicating "will call" or "may call" is as follows:

| Name | Address |
|---|---|
| Candy Torres (will call) | C/o Plaintiff's Counsel |
| Francisca Torres (mother) (will call) | Exchanged with counsel |
| Francisca Torres (sister) (may call) | Exchanged with counsel |
| Antonio Rivas aka Juan Ortiz (will call) | Exchanged with counsel |
| Allan Rothstein (will call) | C/o Rothstein's Counsel |
| Kyle Puntney (will call) | C/o Puntney's Counsel |
| Stewart Torres (will call) | Exchanged with counsel |
| Daniel Valles (may call) | Exchanged with counsel |
| Juan Reyna (may call) | Exchanged with counsel |
| Valerie Reyna (may call) | Exchanged with counsel |

**IX.      TRIAL DATES**

**The attorneys or parties have met and jointly offer these three trial dates:**

-52-

| Week of May 8 or 15, 2022 | Week of June 19 or 26, 2022 | Week of July 11, 17, 24, 2022 |
|---|---|---|

It is expressly understood by the undersigned that the court will set the trial of this matter on one of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the court's calendar.

## X.   TRIAL ESTIMATE

Plaintiff and defendant Puntney estimate that the trial will take a total of three (3) days.  Defendant Rothstein estimates that trial will take a total of seven (7) days.

## XI.   MOTIONS IN LIMINE

Motions in limine will be filed 30 days before trial pursuant to LR 16-3(a).

## XII.   OTHER MATTERS

Defendant Rothstein contemplates, if necessary, a FRE 609(a) hearing of Plaintiff regarding her very recent conviction as a result of a guilty plea to

///

///

///

-53-

1   Attempted Burglary on or about December 15, 2020.

2   * * *

3   **APPROVED AS TO FORM AND CONTENT:**

4   Dated:  January 7, 2022

5   FOLEY & OAKES, PC

6   */s/ Daniel T. Foley*
    Daniel T. Foley (NV 1078)

BRANCART & BRANCART

7   dan@foleyoakes.com
    1210 So. Valley View Blvd.

*/s/ Christopher Brancart*
Christopher Brancart (NV 8969)

8   Suite 208
    Las Vegas, NV 89102

cbrancart@brancart.com
Post Office Box 686
Pescadero, CA  94060

9   Tel:  (702) 384-2070
    Fax:  (702) 384-2128

Tel:    (650) 879-0141
Fax:    (650) 879-1103

10
    Attorneys for Defendant and Cross-

NEVADA LEGAL SERVICES
 Gregory Paul (NV 9645)

11  Complainant Kyle Puntney

 gpaul@nlslaw.net
530 South 6th Street

12

Las Vegas, NV 89101
Tel:    (702) 388-1641, Ext 130

13

Fax:    (702) 386-0404

14

Attorneys for Plaintiff Candy Torres

15  THE WASIELEWSKI LAW FIRM, LTD.

16  */s/ Andrew Wasielewski*
    ANDREW WASIELEWSKI, ESQ.

17  Nevada Bar No. 6161
    8275 S. Eastern Ave., Suite 200-818

18  Las Vegas, NV 89123
    Phone: (702) 490-8511

19  Fax: (702) 548-9684
    andrew@wazlaw.com

20
21  Attorney for Defendant
    ALLAN ROTHSTEIN

22
23
24
25
26
27
28

-54-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**XIII.  ACTION BY THE COURT**

This case is set for court trial on the fixed/stacked calendar on
_____.

Calendar call will be held on _____.

DATED: _____.

_____
Hon. Andrew P. Gordon
U.S. District Judge

1

## CERTIFICATE OF SERVICE

2

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, on January 7, 2022, I served email via ECF a copy of the attached document – **[PROPOSED] PRETRIAL ORDER** – on the following persons:

3

4

5     Andrew Wasielewski                     Gregory Paul
      The Wasielewski Law Firm               Nevada Legal Services
6     8275 S. Eastern Avenue                 530 South 6th Street
      Suite 200-818                          Las Vegas, NV 89101
7     Las Vegas, Nevada 89123                Fax:   (702) 386-0404
      andrew@wazlaw.com                      gpaul@nlslaw.net

8

9     Daniel Foley
      Foley & Oakes
10    1210 S. Valley View Blvd., Ste. 208
      Las Vegas, Nevada 89102
11    Fax: (702) 384-2128
      dan@foleyoakes.com
12

13

14

15                                          */s/ Christopher Brancart*

16

17

18

19

20

21

22

23

24

25

26

27

28